Ernest STONE et al., Appellants,

v.

James Edward THOMPSON et al.,
Appellees.

Court of Appeals of Kentucky.

Nov. 27, 1970.

Redford H. Coleman, Faurest, Collier, Arnett, Hensley & Coleman, Elizabethtown, for appellants.

Paul M. Lewis, Hatcher & Lewis, Elizabethtown, for appellees.

S. RUSH NICHOLSON, Special Commissioner.

This appeal involves the construction of KRS 262.790, which became the law on May 18, 1956. It involved watershed conservancy districts and among other things declared that the landowners within such a district could not file a petition demanding discontinuance of the district until five years had passed following the organization of the district.

KRS 262.790 was repealed by the 1964 session of the legislature and KRS 262.-791 was enacted, which provided that landowners could not file a petition demanding discontinuance of such a district until ten years from the date of organization of the district.

The Short Creek Watershed Conservancy District was organized in June, 1962, while KRS 262.790 was in effect. In September 1968 appellant landowners filed a petition with the board of supervisors demanding a discontinuance of the district. The appellee board refused the petition because KRS 262.790 had been repealed and KRS 262.791 was in effect, and a period of ten years had not expired. The bringing of the action by the appellants was construed by the trial court to be in direct violation of KRS 262.791. We agree. The statute, KRS 262.790, had been

repealed more than four years before appellants commenced their action.

 As a general rule, the legislature may change an existing statute by shortening or lengthening the time for bringing suit and may make such amendments applicable to existing causes of action, or it may suspend or repeal existing limitation statutes, and by so doing vested rights are not impaired. Such enactments prescribing limitations on time relate only to remedy and may be enlarged or restricted as the legislature so desires. See 34 Am.Jur., pp. 27–33.

Kentucky follows this rule. See Barnes v. Louisville & N. R. Co., 283 Ky. 261, 140 S.W.2d 1041, which holds that a statute of limitations operates generally only on the remedy a party may have and does not extinguish the right. The case of Lawrence v. City of Louisville, 96 Ky. 595, 29 S.W. 450, specifically affirms the power of the legislative branch of government to pass limitation laws and to alter or change the time period so long as a right has not vested. The appellants had no such vested right. There is no vested right in the running of the statute of limitations unless it has completely run and barred the action, so that as to existing causes of action which are not barred, the statute may be amended, suspended or repealed. See 34 Am.Jur., p. 37.

Appellants' claim of a vested right to bring their petition for dissolution of the Watershed Conservancy District within five years by virtue of KRS 262.790 is without merit. The new statute, KRS 262.791, had been enacted and in effect more than four years before this action was brought. Appellants' reliance on Treitz v. City of Louisville, 292 Ky. 654, 167 S.W.2d 860, and Galloway v. City of Winchester, 299 Ky. 87, 184 S.W.2d 890, for holding the statutes here involved merely created a condition precedent and not a period of limitation, is without merit. These cases merely hold that the statutory

giving of notice of a street defect to a city is a condition precedent to suit.

The judgment is affirmed.

All concur.