**Rolla Owen VATER, Appellant,**

v.

**NEWPORT BOARD OF EDUCATION et al., Appellees.**

**Daniel J. EARLY, Appellant,**

v.

**CITY OF NEWPORT, Kentucky, et al., Appellees.**

Court of Appeals of Kentucky.

May 31, 1974.

Bernard J. Blau, Ron R. Parry, Newport, for appellants.

Bruce Lester, Newport, for appellee Newport Bd. of Ed.

Ed W. Hancock, Atty. Gen., Thomas A. Ainley, Asst. Atty. Gen., Frankfort, for appellee Drexel Davis, Treasurer of the Commonwealth of Kentucky, as custodian of the Uninsured Employers Fund.

Lawrence Riedinger, Jr., Morris Weintraub, Newport, J. Keller Whitaker, Director, Workmen's Compensation Bd., Frankfort, for appellee City of Newport, Kentucky.

STEINFELD, Justice.

In 1972 appellant Rolla Vater, an employee of the Newport Board of Education, and appellant Daniel Early, an employee of the city of Newport, Kentucky, were injured in separate accidents while in the course of their respective employments. At the time neither of the employers nor the employees had accepted nor were they bound by the then existing Workmen's Compensation Act.

Under the provisions of Chapter 78 of the Acts of the 1972 General Assembly and specifically by the terms of KRS 342.630, the employers became mandatorily subject to the Workmen's Compensation Act. Section 37 of the 1972 Act provided:

"This Act shall be effective on January 1, 1973; and effective for all claims filed on or after January 1, 1973; * * *."

After January 1, 1973, the employees filed separate applications for compensation with the Kentucky Workmen's Compensation Board, which sustained motions by the employers to dismiss the applications. Appeals were taken to the circuit court and the Uninsured Employers Fund, established by the 1972 Act (KRS 342.760) was made a party defendant. The court sustained a motion to dismiss the Fund and later ordered the employers dismissed because the " * * * Act of 1972 is a retrospective law insofar as (these employers are) concerned, and thus void and of no effect." Separate appeals were taken from these orders and the appeals were consolidated.

The employees argue (1) that the taking-effect clause of the 1972 Act should be given a literal reading; (2) that KRS 342.004 requires a liberal construction of the Act, and (3) that the Act merely created a new remedy and did not create a new obligation on the part of the employers.

It is our opinion that neither employee had a claim under the Workmen's Compensation Act against his employer in view of our constitutional interpretation made in Maggard v. International Harvester Company, Ky., 508 S.W.2d 777 (decided February 1, 1974), and Thomas v. Crummies Creek Coal Co., 297 Ky. 210, 179 S.W.2d 882 (1944).

The judgments are affirmed.

All concur.