**ARMCO, INC., Appellant,**

v.

**Chester FELTY and Workers' Compensation Board, Appellees.**

**and**

**John Calhoun WELLS, Secretary of Labor Cabinet (Special Fund), Appellant,**

v.

**Chester FELTY and Workers' Compensation Board, Appellees.**

Court of Appeals of Kentucky.

Jan. 25, 1985.

William H. Jones, Jr., Ashland, Gemma H. Harding, Labor Cabinet, Louisville, for appellants.

Alvin B. Trigg, Lexington, for appellee.

Before CLAYTON, COOPER and HOWERTON, JJ.

HOWERTON, Judge.

Armco and the Special Fund appeal from a judgment of the Greenup Circuit Court affirming an order of the Workers' Compensation Board awarding Chester Felty 100 percent occupational disability and requiring Armco and the Special Fund to be liable for 25 percent and 75 percent, respectively. The main argument on appeal is that the board erred by failing to dismiss Felty's claim for compensation as untimely, pursuant to KRS 342.316(3). We agree and reverse. The other issues are moot.

Felty filed a claim for adjustment with the Workers' Compensation Board in October of 1981, alleging that he became disabled in June of 1981 with the occupational disease of silicosis. This disease allegedly was caused by Felty's exposure to dust particles while working for Armco in its open hearth blast furnace. Felty was

transferred from the furnace area to a nondusty type job in the pump or power house in 1974.

In its opinion and award, the board rejected the appellant's arguments that Felty's claim was barred by KRS 342.316(3), which requires Felty to file his application for adjustment of a claim within five years from the last injurious exposure. The board found that Armco failed to comply with the notice requirements of KRS 342.-186, and that a claim for occupational disease need not be filed until actual disability has been manifested. Based on this decision, the board awarded Felty 100 percent disability.

While the board's ruling may seem reasonable, we must nevertheless conclude that the notice statute is inapplicable in this situation and that the legislature has provided a clear bar to claims and disabilities from silicosis which are not presented or manifested within five years of the last injurious exposure. According to KRS 342.316(3):

> The right to compensation under this chapter for disability resulting from an occupational disease shall be forever barred unless a claim is filed with the workers' compensation board within three (3) years after the last injurious exposure to the occupational hazard or after the employe first experiences a distinct manifestation of an occupational disease in the form of symptoms reasonably sufficient to apprise him that he has contracted the disease, whichever shall last occur; and if death results from the occupational disease within said period, unless a claim therefor be filed with the workers' compensation board within three (3) years after such death; provided, however, that notice of such claim shall be deemed waived in case of disability or death where the employer, or his insurance carrier, voluntarily makes payment therefor, or, if the incurrence of the disease or the death of the employe, and its cause was known to the employer. *Provided, however, that the right to compensation for any occupational dis-ease shall be forever barred unless a claim is filed with the workers' compensation board within five (5) years from the last injurious exposure to the occupational hazard, except that, in cases of radiation disease, a claim must be filed within twenty (20) years from the last injurious exposure to the occupational hazard.* (Emphasis added.)

The statute allows a claim to be made for three years after a disease becomes known and disabling, but it also puts a maximum five-year-limit from the time of the last exposure. Also, the question of notice is not involved, and as a practical matter, it could not be. An employer need not give notice that the time to make a claim will expire within 30 days, if even the claimant is unaware of an injury, a disease, or a disability until after his claim is barred. It may be that a claimant should be compensated, if he can prove that the work caused his disability, but KRS 342.316(3) does not deal with a five-year presumption of causation. It simply says that, if you do not recognize your occupational disease and make your claim within five years of your last exposure to its cause, you cannot collect.

In this case, the only evidence presented was that Felty's last injurious exposure to the dust was prior to 1974. Since his claim was not filed with the board until October of 1981, he did not file within the five-year requirement of KRS 342.316(3), and therefore his claim is barred. A similar situation occurred in *Crawford v. V & C Coal Co.*, Ky., 432 S.W.2d 403 (1968), where the court held that a worker's claim was barred by the five-year limitation provision of KRS 342.316(3), when he ceased working in 1957 and did not file a claim for pneumoconiosis benefits until October of 1966.

The judgment of the Greenup Circuit Court is reversed.

All concur.