Bruce K. CASSIDY, Plaintiff–Appellant,

v.

Buddy ADAMS, now E. Austin, Jr., Secretary, Cabinet for Human Resources, Defendant–Appellee.

No. 86–6175.

United States Court of Appeals, Sixth Circuit.

Argued Sept. 17, 1987.

Decided April 11, 1989.

Carol R. Schafer, Legal Aid Society, Inc., Louisville, Ky., David A. Friedman (argued), for plaintiff-appellant.

Pat Shipman, Paul Fauri, Office of Counsel for Cabinet for Human Resources, Frankfort, Ky., W. Kimble Moore, Jr. (argued), for defendant-appellee.

Before ENGEL,* Chief Judge,
RYAN, Circuit Judge, and
CELEBREZZE, Senior Circuit Judge.

ENGEL, Chief Judge.

Plaintiff Cassidy appeals the decision of the United States District Court for the Western District of Kentucky granting summary judgment in favor of defendant Kentucky Cabinet for Human Resources (the Cabinet) in Cassidy's civil rights suit brought pursuant to 42 U.S.C. § 1983. Cassidy alleges that the Cabinet recouped overpaid unemployment benefits after the statute of limitations for recoupment had expired, thus violating the "when due" clause of the Social Security Act, 42 U.S.C. § 503(a)(1), and his right to due process under the fourteenth amendment. Cassidy also appeals the district court's denial of class certification under Fed.R.Civ.P. 23. Because we find that, under Kentucky law, Cassidy had no protectible property interest in the overpayments at the time of attempted recoupment, we affirm the district court's judgment in its entirety.

## I.

In June 1977, plaintiff Cassidy was laid off from his work at Cardwell Roofing Company in Louisville, Kentucky. Cassidy received unemployment insurance benefits after properly filing a claim. In August 1978, the Cabinet issued an adjusted determination that Cassidy had been overpaid $980 between July 1977 and June 1978, an error resting entirely with the Cabinet. At this time, the recoupment of non-fraud overpayments was limited to three years. Ky.Rev.Stat. § 341.415(2). In 1980, the Kentucky Employee Benefits Statute was amended, extending the statute of limitations period to five years. 1980 Ky. Acts ch. 385, § 9. Two years later, in 1982, Cassidy again became unemployed. Relying on the amended five-year limitations

period, the Cabinet delayed payment of his unemployment benefits until the $980 overpayment was recouped.

Cassidy brought suit in the United States District Court for the Western District of Kentucky claiming that the delay in payment violated the due process clause of the fourteenth amendment and section 1 of the Ku Klux Klan Act of 1871, 42 U.S.C. § 1983. The district court denied class certification, holding that Cassidy was unlikely to prevail on the merits, and held that Cassidy's claims were not barred by the eleventh amendment. Relying on *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), the district court granted summary judgment, holding that Kentucky's statutory procedures for recoupment satisfied the requirements of procedural due process.[1] *See* Ky.Rev.Stat. § 341.415.

We need not discuss the scope of Kentucky's post-deprivation due process hearing, because initially we find that Cassidy possessed no property rights in the overpaid benefits; this precludes any violation of procedural due process, substantive due process, or the "when due" clause of the Social Security Act. We hold that recoupment of overpayments in 1982 (when recoupment would not have been possible under the prior three-year statute of limitations) pursuant to the new five-year statute of limitations (which was enacted in 1980, before the prior three-year statute of limitations had run against Cassidy) deprived Cassidy of no rights protected by the Constitution or laws of the United States. We therefore affirm the judgment of the district court.

## II.

The federal unemployment compensation program, set forth at 42 U.S.C. § 501 *et seq.*, is administered largely by the states. The federal government provides each state with partial funding for the unem-

---

* The Honorable Albert J. Engel assumed the duties of Chief Judge effective April 1, 1988.

1. Under *Parratt,* a section 1983 plaintiff alleging a procedural due process violation will prevail only if the conduct complained of was committed by a person acting under color of state law, such conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States, and the State's post-deprivation remedy does not satisfy the requirements of procedural due process. 451 U.S. at 535–37, 101 S.Ct. at 1912–14.

ployment benefits program as long as the state insures "full payment of unemployment compensation when due," *id.* § 503(a)(1), and "an opportunity for a fair hearing, before an impartial tribunal, for all individuals whose claims for unemployment compensation are denied." *Id.* § 503(a)(3). Congress also provides the states discretion to recover overpaid benefits, but does not require the state to do so in order to receive federal support. *Id.* § 503(g).[2]

The Kentucky unemployment compensation program is set forth at Ky.Rev.Stat. § 341 *et seq.* Originally, the Kentucky legislature provided the administering agency, the Cabinet, with authority to recoup overpaid unemployment benefits within three years of the last day of overpayment.[3] However, as we have earlier observed, the Kentucky legislature in 1980 amended the recoupment statute and extended the statute of limitations to five years.[4] Therefore, although Cassidy received his over-

**2.** Section 503(g)(1) provides:

A state may deduct from unemployment benefits otherwise payable to an individual an amount equal to any overpayment made to such individual under an unemployment benefit program of the United States or of any other State, and not previously recovered. The amount so deducted shall be paid to the jurisdiction under whose program such overpayment was made. Any such deduction shall be made only in accordance with the same procedures relating to notice and opportunity for a hearing as apply to the recovery of overpayments of regular unemployment compensation paid by such State.

**3.** At the time Cassidy received his overpayments in 1977 and 1978, the following Kentucky statute regarding recouped benefits was in effect:

(1) Any person who has received any sum as benefits under this chapter while any condition for a receipt of such benefits was not fulfilled in his case, or while he was disqualified from receiving benefits, shall, in the discretion of the secretary, either have such sum deducted from any future benefits payable to him under this chapter or repay the department for the fund a sum equal to the amount so received by him. Such sum may also be collected in the manner provided in subsection (2) or KRS 341.200 for collection of past due contributions and any sums so collected shall be credited to the pooled account.

(2) Any amount paid to a person as benefits, which he has been found liable to repay or to have deducted from future benefits under subsection (1) of this section, which has neither been repaid nor so deducted within a period of three (3) years following the last day of the benefit year within which it was paid, shall be deemed to be uncollectible and shall be permanently charged to the pooled account, except that if such payment was made by reason of fraudulent representations, no future benefits shall be paid such person until such amount has been repaid or deducted from such future benefits without respect to time.

Ky.Rev.Stat. § 341.415 (before 1980 amendment).

**4.** The amended statute of limitations provides:

(1) Any person who has received any sum as benefits under this chapter while any condition for the receipt of such benefits was not fulfilled in his case, or while he was disqualified from receiving benefits, shall, in the discretion of the secretary, either have such sum deducted from any future benefits payable to him under this chapter or repay the department for the fund a sum equal to the amount so received by him. If after due notice the recipient of such sum fails to remit or arrange for remittance of the sum, the sum may be collected in the manner provided in subsection (2) of KRS 341.300 for collection of past due contributions and any sums so collected shall be credited to the pooled account.

(2) At or after the commencement of an action under subsection (1) of this section attachment may be had against property of the recipient of improperly paid benefits in the manner provided in subsection (3) of KRS 341.300.

(3) A lien on a parity with state, county, and municipal ad valorem tax liens, is hereby created in favor of the division upon all property of any recipient of improperly paid benefits. This lien shall be for a sum equal to the amount of the overpayment finally determined. The lien shall commence from such time as the recipient has exhausted or abandoned the appeal procedure set forth in this chapter and the amount of the overpayment is finally fixed. A notice of lien may be filed in the same manner as that provided for in KRS 341.310.

(4) Any amount paid to a person as benefits, which he has been found liable to repay or to have deducted from future benefits under subsections (1), (2) and (3) of this section, which has neither been repaid nor so deducted within a period of five (5) years following the last day of the benefit year within which it was paid, may be deemed to be uncollectible and shall be permanently charged to the pooled account, except that if such payment was made by reason of fraudulent representations, no future benefits shall be paid such person within a period of ten (10) years of the last day of the benefit year within which such payments were made at which time these

payment in 1978 when the three-year statute of limitations was in force, the amended five-year statute of limitation became law while Kentucky still possessed the right of recoupment and before the three-year limitations period on his claim had run.

■ At the outset, defendant Cabinet argues that the eleventh amendment bars our reaching the merits of this statute of limitations question because its resolution requires extensive analysis of Kentucky law. We reject this argument. Our state law inquiry is guided solely by our need to determine the nature of Cassidy's property right in the overpayments; this, in turn, is necessary to establish both the scope of Cassidy's right to receive benefits "when due" under the Social Security Act and his rights under the due process clause of the fourteenth amendment. As this court recognized in *Spruytte v. Walters*, 753 F.2d 498, 514 (6th Cir.1985):

> Although Spruytte's claim requires us to consider issues of state law, it does not follow that his claim is barred by *Pennhurst* [*State School & Hospital v. Halderman*, 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984)]. Spruytte's complaint alleges a violation of his *federal* constitutional rights. We decline to endorse the proposition that officials may undermine federal court authority by violating state as well as federal law. Even in *Pennhurst* the Court remanded the case to determine whether the state officials' conduct, the same conduct which formed the basis of the state-law claim, violated federal law.

Unlike *Pennhurst,* the state law which Cassidy alleges was systematically violated may have conferred constitutionally protected property rights. Thus, resolution of the state law question is a prerequisite to resolution of the substantive federal and constitutional questions presented in this appeal.

■ However, we need not look far to find that Cassidy has no property right in either full unemployment benefits "when due" in 1982 or the overpaid benefits he received. First, 42 U.S.C. § 503(g)(1) conditions receipt of benefits upon the recoupment of past overpayments by allowing the states to deduct past overpayments from current benefits. *See supra* note 2. This authority to recoup overpaid benefits within a reasonable time, explicitly provided by Congress in the Social Security Act, has been upheld by both federal and state courts on numerous occasions. *See, e.g., Brewer v. Cantrell*, 622 F.Supp. 1320, 1324 (W.D.Va.1985) (and cases cited therein), *aff'd,* 796 F.2d 472 (4th Cir.1986) (table). We join these courts in holding that recoupment of benefits, if made within a reasonable time, does not violate the "when due" clause of the Social Security Act. Further, Cassidy concedes that if recoupment is made within a reasonable time as set forth by state law, as it was here, the existing post-deprivation procedure provided under Kentucky law is procedurally adequate under the fourteenth amendment.[5]

■ Moreover, even assuming that Kentucky law existing at the time of the overpayment conferred a property right in the overpayments upon the lapse of three years from the last overpayment, no such right ever vested in Cassidy. Cassidy received his last benefit overpayment on July 1, 1978. Since the 1978 version of Ky.Rev. Stat. § 341.415 specified that the three years ran from the *last* day overpayments were received, Cassidy's right would not have vested until June 30, 1981. Thus, for Cassidy, passage of the amended statute in 1980 affected no vested right which was entitled to due process protection.

■ This absence of a vested right to the overpayments confutes Cassidy's argument

---

amounts may be declared uncollectible. Nothing in this subsection shall be deemed to affect collection of improperly paid benefits pursuant to a judgment or other legal remedy. Ky.Rev.Stat. § 341.415 as amended in 1980.

5. Under *Parratt,* this concession itself forecloses Cassidy's claim that he was denied procedural due process when the overpayments were recouped.

that Ky.Rev.Stat. § 446.080 [6] and Kentucky common law prohibit retroactive application of a statute of limitations absent express legislative intent. Contrary to Cassidy's assertions, a statute cannot be characterized as retroactive if it does not "take away or impair vested rights acquired under existing laws ... already passed." *Black's Law Dictionary* 1184 (5th ed. 1979). The Kentucky Court of Appeals expressly recognized this in *Stone v. Thompson*, 460 S.W.2d 809, 810 (Ky.1970): "There is no vested right in the running of the statute of limitations unless it has completely run and barred the action, so that as to existing causes of action which are not barred, the statute may be amended, suspended or repealed." *See also Herm v. Stafford*, 663 F.2d 669, 681–82 (6th Cir. 1981). Likewise, in *Kiser v. Bartley Mining Co.*, 397 S.W.2d 56, 57–58 (Ky.1965), the Kentucky Court of Appeals, then the state's highest court, observed

> Some jurisdictions hold that an amendment to a workmen's compensation law extending the period of limitations on a claim should not be construed as being applicable to claims that arose before the amendment took effect. But the majority view is that such an amendment properly may be considered applicable to claims that arose before the amendment, where the previously existing limitation had not run on those claims at the time the amendment became effective. We think the majority view is sound and we adopt it.

(citations omitted); *cf. Peach v. 21 Brands Distillery*, 580 S.W.2d 235, 237 (Ky.Ct.App. 1979) (extension of the statute of limitations in recoupment statute involves "mere passive extension of time" rather than an "additional duty or affirmative obligation"). Other states considering this issue have held that some vested right must be infringed in order to classify a statute as impermissibly retroactive. *See, e.g., Ohio Public Interest Action Group, Inc. v. Public Utilities Commission*, 43 Ohio St. 2d 175, 331 N.E.2d 730 (1975) ("[T]he stat-

ute is not retroactive legislation as no vested substantive rights of the party instituting the proceedings are affected."). Kentucky law on this issue appears consistent with the prevailing law in the United States:

> A retrospective law, in the legal sense, is one which takes away or impairs vested rights acquired under existing laws, or creates a new obligation and imposes a new duty, or attaches a new disability, in respect to transactions or considerations already past.... However, a statute is not regarded as operating retroactively because of the mere fact that it relates to antecedent events.

73 Am.Jur.2d, Statutes, § 347. Cassidy has cited no authority, Kentucky or otherwise, that could lead us to a different conclusion.

Since Cassidy had no protectible property right either in full payments in 1982 or in the recouped overpayments, we must dismiss his arguments made under the Social Security Act and the due process clause of the fourteenth amendment. Having found Cassidy's claims without merit, we also affirm the district court's judgment denying certification of a class of persons similarly situated.

Accordingly, the judgment of the district court is AFFIRMED.

RYAN, Circuit Judge, dissenting.

I must respectfully dissent from the court's decision to resolve this case on an issue not discussed by the district court. In my view, Cassidy, at least arguably, did have a protected property interest under Kentucky law in the overpayments at the time of the attempted recoupment.

My brothers conclude that Cassidy had no vested property rights in the overpayments because the statute of limitations for recoupment was extended from three to five years in 1980, after the state's right had accrued, but prior to the running of the original three-year period. In such a situa-

---

6. Ky.Rev.Stat. § 446.080(3) provides: "No statute shall be construed to be retroactive, unless expressly so declared."

tion, the court tells us, the longer statute of limitations applies retroactively to give the state an additional two years to recover the overpayments. In support of this holding, the court cites the decisions of the Kentucky Court of Appeals, then the state's highest court, in *Stone v. Thompson,* 460 S.W.2d 809, 810 (Ky.1970), and *Kiser v. Bartley Mining Co.,* 397 S.W.2d 56, 57–58 (Ky.1965).

The court's conclusion ignores the distinction, long recognized in Kentucky law, between a limitation period which qualifies the right, and one which merely affects the remedy. As this court has explained in a decision governed by Kentucky law:

> A statute of limitations may be interpreted either as going to the right or to the remedy. *See, e.g., Davis v. Mills,* 194 U.S. 451, 454 [24 S.Ct. 692, 693, 48 L.Ed. 1067] (1904). If the limitation "qualifies the right," an amendment lengthening it will not serve to alter the limitation period with respect to causes of action which have already accrued. However, if the limitation period is not contained within the statute creating the right itself (or is not directed to the newly created liability) it is said to go to the remedy and is applicable to causes of action which are then viable.

*Herm v. Stafford,* 663 F.2d 669, 681 n. 17 (6th Cir.1981). As Kentucky's highest court put it long ago, "[w]here a statute creates a new legal liability, with a right to a suit for its enforcement, provided that the suit is brought within a designated period, the time within which the suit must be brought operates as a limitation of the liability itself as created and not of the remedy alone." *United States Fidelity & Guaranty Co. v. Tafel Electric Co.,* 262 Ky. 792, 91 S.W.2d 42, 44 (1936).

The cases cited by the court today do not require a different result. In *Stone,* the limitation period in question was not contained within the statute setting forth the right of action; therefore, it affected only the remedy and could be applied retroactively under Kentucky law. 460 S.W.2d at 810 ("[s]uch enactments prescribing limitations on time relate only to remedy and

may be enlarged or restricted as the legislature so desires"). In *Kiser,* the court applied the limitation period contained within a workmen's compensation statute retroactively. In reaching that conclusion, however, the court did not consider the right/remedy doctrine. Rather, the court simply observed that "[s]ome jurisdictions hold that an amendment to a workmen's compensation law extending the period of limitations on a claim should not be construed as being applicable to claims that arose before the amendment took effect, ... [while others hold] that such an amendment properly may be considered applicable to claims that arose before the amendment, where the previously existing limitation had not run on those claims at the time the amendment became effective." 397 S.W.2d at 57–58 (citing 79 A.L.R.2d at 1100–03, 1109–13). Given this choice, the court decided, without offering any reasons, to adopt the policy of extending the period of limitations in accordance with the amendment for cases that arose prior to the amendment. I do not believe this decision can be construed as a repudiation of the right/remedy doctrine in Kentucky. This view is supported by the decision of the intermediate appellate court in *Everman v. Miller,* 597 S.W.2d 153, 154 (Ky. App.1979), which distinguished cases adopting the rule the majority adopts here by observing that "the facts of those cases relate to special limitations affecting special situations, ones in which *remedies and rights are directly disconnected through legislative enactment, e.g., workmens' compensation.*" (Emphasis added.)

The district court granted summary judgment in this case on the ground that plaintiff failed to pursue adequate state post-deprivation remedies. However, the district court failed to recognize that the rule requiring a plaintiff to avail himself of the state's post-deprivation remedy "is inapplicable ... when 'a deprivation of property is caused by conduct pursuant to established state procedure, rather than random and unauthorized action.' " *Spruytte v. Walters,* 753 F.2d 498, 509 (6th Cir.), *cert. denied,* 474 U.S. 811, 106 S.Ct. 50, 88 L.Ed.2d 41 (1985) (quoting *Hudson v.*

*Palmer*, 468 U.S. 517, 532, 104 S.Ct. 3194, 3203, 82 L.Ed.2d 393 (1984)). Cassidy unquestionably alleges that the Cabinet for Human Resources denied his application for benefits pursuant to established state policy. I would therefore reverse the decision of the district court granting defendant summary judgment and remand for a determination of whether the limitation upon the state's right to recoup the overpayment creates a positive property interest in Cassidy.