941 F.2d 1209
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
AUSTIN POWDER COMPANY, Plaintiff-Appellee,
v.
Garland M. FLAUGHER and Robert C. Hughes, Defendants-Appellants.
 No. 90-5552.
 United States Court of Appeals, Sixth Circuit.
 Aug. 14, 1991.
 
 Before KRUPANSKY and BOGGS, Circuit Judges, and DUGGAN, District Judge*
 PER CURIAM.
 
 
 1
 Defendants-appellants Garland M. Flaugher and Robert C. Hughes have appealed from the judgment entered by the United States District Court for the Eastern District of Kentucky in favor of plaintiff-appellee Austin Powder Company in this action to collect on a debt pursuant to an open-ended guaranty agreement.
 
 
 2
 Little Fork Resources and Development Corporation (Little Fork) is a Kentucky corporation engaged in coal mining. Little Fork desired to purchase blasting products from appellee Austin Powder, an Ohio corporation. To accomplish this objective, on May 16, 1985, the appellants, the president and office manager of Little Fork, executed an application for open-ended credit that contained the following provision:
 
 
 3
 In consideration for extending credit to the above named customer, the undersigned jointly and severally guarantee payment for all goods ordered in the above names.
 
 
 4
 Between that time and January of 1987, Little Fork accrued indebtedness for supplies from appellee in the amount of $353,984.45. In January 1987, Little Fork filed for chapter 11 bankruptcy. On February 5, 1987, the appellee commenced this action to collect on its debt from the appellants pursuant to the guaranty agreement. After a trial before a magistrate, the district court entered judgment for the appellee in the full amount of the indebtedness, plus interest.
 
 
 5
 Over a year after appellants personally guaranteed all indebtedness of Little Fork, the Commonwealth of Kentucky promulgated Ky.Rev.Stat. § 371.065, which became effective on July 15, 1986. It required certain guaranty agreements to include "the amount of the maximum aggregate liability of the guarantor thereunder, and the date on which the guaranty terminates." Id. The personal guaranty agreement executed by appellants on May 16, 1985 did not comply with the provisions of the subsequently enacted statute.[1]
 
 
 6
 However, at the time section 371.065 became effective, Ky.Rev.Stat. § 446.080(3), provided that "[n]o statute shall be construed to be retroactive, unless expressly so declared." There was no such express intention of retroactivity incorporated into section 371.065.
 
 
 7
 This court has previously concluded in Cassidy v. Adams, 872 F.2d 729, 733 (6th Cir.1989) that, under section 466.080(3), a statute has retroactive effect only under circumstances where it affected rights that had vested prior to its effective date. Accordingly, the core issue requiring resolution in the instant case is the date on which any right or interest vested in the appellee, if at all, as a result of the personal guaranty agreement executed by appellants on May 16, 1985.
 
 
 8
 Upon consideration of the record in its entirety, the briefs, and oral arguments of counsel, this court concludes that the appellee's rights to seek payments for material furnished by the appellee to Little Fork vested upon the execution of the personal guaranty agreement because appellants' open-ended personal guaranty was "[i]n consideration for extending credit to" Little Fork and, under the terms of the guaranty, appellees could seek payment for defaults by Little Fork from the appellants at any time. Absent affirmative action by appellants to cancel their personal liability for credit extended to Little Fork, appellee could continue to rely upon appellants' assurances to stand liable for any material sold to Little Fork.
 
 
 9
 Moreover, the definition of the word "instrument" in KRS § 371.065 is of particular importance to this case because only guaranties not written on the "instrument involved" are affected by the statute. As the appellants' guaranty was written on the credit application, the statute would not apply if the credit application was the "instrument involved." The statute would also not apply to the appellants if neither the credit application nor the invoices were "instruments" as defined in the statute, as then only guaranties written on the face of certain types of documents would be covered.
 
 
 10
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Patrick J. Duggan, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 The Kentucky statute at issue provides:
 No guaranty which is not written on the instrument involved shall be valid or enforceable unless it is in writing signed by the guarantor and contains provisions specifying the amount of the maximum aggregate liability of the guarantor thereunder, and the date on which the guaranty terminates, provided that such termination shall not affect the liability of the guarantor with respect to:
 (1) Obligations created or incurred prior to such date; or
 (2) Extensions or renewals of interest accruing on, or fees, costs or expenses incurred with respect to, such obligations on or after such date.
 Ky.Rev.Stat.Ann. § 371.065.