Kenneth DUPREE, Appellant,

v.

KENTUCKY DEPARTMENT OF MINES AND MINERALS; Larry D. Beale, Director of Special Fund; and Workers' Compensation Board, Appellees.

No. 91–SC–800–WC.

Supreme Court of Kentucky.

April 9, 1992.

As Modified on Denial of Rehearing Aug. 27, 1992.

Dick Adams, Adams, Day, Whitfield, Ramey & Burns, Madisonville, for appellant.

Richard M. Joiner, Mitchell, Joiner & Hardesty, Madisonville, for appellee Kentucky Dept. of Mines and Minerals.

Mark C. Webster, Appellate Atty., Labor Cabinet—Special Fund, Louisville, for appellee Beale, Dir. Sp. Fund.

## OPINION OF THE COURT

Appellant worked for approximately 22 years as a laborer and foreman in the underground coal mines. In 1970, he was employed by the Department of Mines and Minerals as an underground mine inspector and continued to spend a significant amount of time in the mines until May, 1977. From that date until his retirement on October 31, 1988, appellant worked as a "safety instructor," teaching classes to coal miners. Some of these classes were taught at mine sites in various bath houses, buildings, and trailers. There is no evidence that any was taught underground.

Subsequently, appellant filed a claim for workers' compensation benefits, alleging that he had contracted coal workers' pneumoconiosis and that his date of last exposure was October 31, 1988. It was established that he had contracted category 1 disease and that his spirometric test values were greater than 80% of the predicted normal values. Accordingly, the Special Fund was dismissed as a party. The sole remaining question was whether appellant had suffered an injurious exposure to the hazards of pneumoconiosis within the five-year limitations period of KRS 342.-316(3)(a), so that he could qualify for re-

training incentive benefits pursuant to KRS 342.732(1)(a).

The Administrative Law Judge (ALJ) relied upon records showing that at times appellant conducted classes at mine sites during the period from 1983–1988, and upon the testimony of appellant, a mine foreman, and a mine safety director regarding the fact that appellant was exposed to coal dust when he visited mine sites. Based on this testimony he ruled that appellant had filed his claim within three years after he first experienced a distinct manifestation of the disease and within five years of his last injurious exposure to the hazards of the disease. KRS 342.316(3)(a). The Department of Mines and Minerals, in its petition for reconsideration, unsuccessfully asserted that there was no evidence in the record to substantiate the finding that appellant's employment as an instructor constituted an injurious exposure as defined in KRS 342.0011(4).

The Workers' Compensation Board (Board) reversed because it believed that appellant had failed to produce substantial evidence that his work after 1977 constituted an injurious exposure. As stated by the Board:

> ... We do not doubt that during the period of time Dupree worked in the mines and as an underground mine inspector, he was injuriously exposed to coal dust. However, that activity ceased in May of 1977. Evidence by lay persons that wind at a teaching facility located on mine premises when the mine was not in production carried coal dust particles is not substantial evidence of injurious exposure which requires proof that such exposure, as shown by the evidence, could cause the disease of pneumoconiosis over some indefinite period of time.

The Board also noted that, because of this, not only was the claim barred by KRS 342.316(3)(a), but also the appellant did not meet the minimum exposure requirements of KRS 342.316(3)(b). The Court of Appeals affirmed the decision of the Board, and we affirm.

KRS 342.316(3)(a) contains both a period of limitations and a period of repose. A claim for compensation benefits due to an occupational disease must be filed within three (3) years of the last injurious exposure or of the distinct manifestation of the symptoms of the disease. However, the claim may not be filed more than five (5) years after the last injurious exposure. KRS 342.0011(4) defines injurious exposure as "that exposure to [the] occupational hazard which would, independently of any other cause whatsoever, produce or cause the disease for which [the] claim is made."

█ Appellant introduced, and the ALJ believed, lay testimony that after his duties changed in May, 1977, he was at times exposed to coal dust and that he inhaled coal dust while teaching and performing his other duties at mine sites. While such lay testimony may prove that claimant was at times exposed to coal dust and that he inhaled coal dust, such evidence alone cannot, as a matter of law, prove that the exposure claimant received after May, 1977, was of such a magnitude and frequency as would have independently caused the disease for which he was claiming benefits. Such proof of causation requires competent medical evidence, and there was no medical evidence as to this particular fact. Contrary to appellant's assertion, testimony that his condition was caused by the whole of his exposure does not prove that his exposure since May, 1977, was injurious as defined in KRS 342.0011(4). This is not to say that in another case a claimant would be precluded from proving that exposure as a mine safety instructor was injurious as defined by KRS 342.0011(4). What we hold is that this claimant has failed to so prove.[1]

█ Appellant also cites various cases for the rule that, in occupational diseases cases, the notice and limitations provisions of the workers' compensation law are not

---

1. This opinion does not alter those cases where the intensity of the exposure to coal dust was relatively constant in nature throughout the miner's career and did not decrease, so that the fact that the last exposure was injurious could be inferred from the diagnosis and work history.

triggered until the claimant has both contracted the disease and become occupationally disabled. While that is true, notice and the limitations period are not at issue in the case *sub judice*. KRS 342.316(3)(a) was amended in 1962, at which time a five year repose provision was added. Since March 22, 1962, a claimant must recognize that he has contracted an occupational disease and make his claim within five years of his last injurious exposure, or his claim is barred. See, *Armco, Inc. v. Felty*, Ky. App., 683 S.W.2d 641 (1985).

In this case, because it was not proven that whatever exposure appellant received after May, 1977, was injurious, his claim was not filed within five years of his last injurious exposure as is required by KRS 342.316(3)(a). Therefore, his claim was barred. The decision of the Court of Appeals is hereby affirmed.

All concur.