WILLIAM A. POPE COMPANY,
Appellant,

v.

Edgar Paul HOWARD; Larry D. Beale, Director of Special Fund; Suzanne Shively, Administrative Law Judge; and Workers' Compensation Board, Appellees.

and

Vicki G. NEWBERG, Acting Director of Special Fund, Appellant,

v.

Edgar Paul HOWARD; William A. Pope Company; Suzanne Shively, Administrative Law Judge; and Workers' Compensation Board, Appellees.

Nos. 92–SC–21–WC, 92–SC–25–WC.

Supreme Court of Kentucky.

Jan. 21, 1993.

As Amended Jan. 25, 1993.

Rehearing Denied May 27, 1993.

John V. Porter, J.K. Wells, Wells, Porter, Schmitt & Walker, Paintsville, for William A. Pope Co.

Robin S. Smith, Collins, Smith & Allen, Salyersville, for Howard.

Mark C. Webster, Labor Cabinet, Special fund, Louisville, for Special Fund.

## OPINION OF THE COURT

This workers' compensation case involves the twenty-year limitation period for filing asbestos-related occupational disease claims contained in KRS 342.316(3)(a) which became effective in 1986. Prior to that time such diseases were subject to the three-year limitations period and five-year repose provision, also contained in KRS 342.316(3)(a).

KRS 342.316(3)(a) provides:

The right to compensation under this chapter resulting from an occupational disease shall be forever barred unless a claim is filed with the workers' compensation board within three (3) years after the last injurious exposure to the occupational hazard or after the employe first experiences a distinct manifestation of an occupational disease in the form of symptoms reasonably sufficient to apprise him that he has contracted the disease, whichever shall last occur; .... Provided, however, that the right to compensation for any occupational disease shall be forever barred, unless a claim is filed with the workers' compensation board within five (5) years from the last injurious exposure to the occupational hazard, except that, in cases of radiation disease or asbestos-related disease, a claim must be filed within twenty (20) years from the last injurious exposure to the occupational hazard.

Claimant filed for benefits alleging he suffered from asbestosis on March 22, 1988. His last exposure to asbestos occurred on or about November 1, 1976. Therefore, based upon the five-year statute of repose in effect at the time of the last exposure, time for filing the claim expired

in 1981. For this reason, the Administrative Law Judge (ALJ) dismissed the claim. The Workers' Compensation Board (Board) affirmed the order of the ALJ.

In a split decision, the Court of Appeals reversed the Board. The majority held that the twenty-year "statute of limitations" had retroactive application. (The twenty-year period is more appropriately labeled a statute of repose.) This holding is contrary to the general rule that statutory amendments to limitations periods are not applied retroactively. Larson, *The Law of Workmen's Compensation*, § 78.85 (1989). The Court of Appeals' holding is also contrary to the Kentucky rule, and the majority rule, that an amendment to a limitation statute is applicable to claims which arose before the effective date of the amendment only when the pre-amended limitation on that claim had not run, i.e., the claim is still alive. *Kiser v. Bartley Mining Company*, Ky., 397 S.W.2d 56 (1965). *See also, Stone v. Thompson*, Ky., 460 S.W.2d 809 (1970), and *Lawrence v. City of Louisville*, 96 Ky. 595, 29 S.W. 450 (1895).

The majority of the Court of Appeals relied upon a separate provision, also enacted in 1986, in applying the twenty-year limitation retroactively. That provision, KRS 342.318, specifies that "KRS 342.316(3) shall apply to employes' asbestos-related disease claims filed on or after July 15, 1986." We believe that KRS 342.318 was intended to serve as a transitional provision so that any live claims as of July 15, 1986, would be governed by the amended version of KRS 342.316(3)(a).

As stated by the ALJ:

While it is true that KRS 342.316(3) now provides for a 20 year limitation on actions for asbestosis, the occupational disease alleged by the plaintiff as the basis of his claim, the plaintiff has also alleged a date of last exposure of November 1, 1976. On that date the limitation on such actions was five years. This statute ran on November 1, 1981, five years after the date of last exposure. Since the statute had run on plaintiff's claim prior to the effective date of the amendment the claim is time barred.

The plaintiff has also argued that KRS 342.318 provides for a retroactive application for the 1986 amendment providing an extended limitation in asbestosis claims. *Kiser v. Bartley Mining Company*, Ky., 397 S.W.2d 56 (1965) holds that a new statute of limitation enlarging time to file a claim would apply only to claims in which the statute in effect on the date of injury or last exposure had not yet run when the new statute became effective.

*Kiser* endorses retroactivity for those claims which have accrued before the date of amendment but are not already time-barred. In other words, when the "old" limitation has not already run out, a claimant with a right of action will have the benefit of the "new" limitation. Therefore, the amendment of KRS 342.316(3)(a), which took effect July 15, 1986, to include asbestos-related claims, would be for the benefit of any asbestosis victim whose date of last exposure fell after July 15, 1981.

An amendment of a statute of limitations will not revive a cause of action previously expired. *Lawrence*, 29 S.W. at 451; *Stone*, 460 S.W.2d at 810; 51 Am. Jur.2d 624, *Limitations of Action*, § 44. The Board noted that an amended statute of limitations can have a retroactive effect only if the Legislature clearly intended it, *Taylor v. Asher*, Ky., 317 S.W.2d 895 (1958); KRS 446.080(1), and that there is a presumption against retroactive operation. *Davis v. Com. Life Ins. Co.*, Ky., 284 S.W.2d 809 (1955).

The claimant has argued that the enactment of KRS 342.318 evidences the General Assembly's intent to give the twenty-year amendment retroactive effect. However, the language of KRS 342.318 does not clearly express an intent to revive an expired cause of action, and we will not infer one. (*See, Maggard v. International Harvester Co.*, Ky., 508 S.W.2d 777 at 783 (1974), and *Vater v. Newport Board of Education*, Ky., 511 S.W.2d 670 at 671

(1974), involving similar statutory language.)

 The three-year provision contained in KRS 342.316(3)(a) is a statute of limitation, while the five-year provision is a statute of repose capable of cutting off a cause of action before it arises. *See, Dupree v. Ky. Dept. Mines and Minerals, Et Al.*, Ky., 835 S.W.2d 887 (1992). The three-year statute of limitations applies to all occupational diseases including asbestos-related claims. The twenty-year provision, comparable to the five-year repose provision containing no discovery rule, merely extends the repose provision in cases of radiation disease or asbestos-related disease. We have not been persuaded that there is any constitutional prohibition against the enactment of repose provisions within the Workers' Compensation Act. *See, Dupree, Id.*, and *McCollum v. Sisters of Charity*, Ky., 799 S.W.2d 15 (1990).

The decision of the Court of Appeals is reversed, and the opinion of the Administrative Law Judge dismissing the claim is reinstated.

STEPHENS, C.J., and LAMBERT, LEIBSON, REYNOLDS, SPAIN, and WINTERSHEIMER, JJ., concur.

COMBS, J., dissents without opinion.