995 F.2d 1067
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James A. ROSS, Plaintiff-Appellant,
v.
Stephen T. SMITH, Warden, Defendant-Appellee.
 No. 92-6565.
 United States Court of Appeals, Sixth Circuit.
 June 11, 1993.
 
 1
 Before: JONES and NELSON, Circuit Judges, and FRIEDMAN, District Judge.*
 
 ORDER
 
 2
 James A. Ross, a pro se Kentucky prisoner, appeals from an order of the district court dismissing his complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Ross alleged in his complaint that a detainer had been placed upon him by the State of Ohio pursuant to the Interstate Agreement on Detainers Act. Ross alleged that he attempted to resolve the matter upon which the detainer was based by completing the appropriate paperwork, but because of the defendant's neglect, that paperwork was never sent to the appropriate authorities in Ohio. Based upon this, Ross alleged a violation of his Sixth and Fourteenth Amendment rights. For relief, Ross sought a declaratory judgment and monetary damages.
 
 
 4
 The district judge issued a memorandum opinion which concluded that Ross' cause of action was barred by Kentucky's one year statute of limitations. Accordingly, an order dismissing Ross' complaint was entered. Subsequently, Ross filed a motion to alter or amend the judgment pursuant to Fed.R.Civ.P. 59(e). In that motion, Ross argued that Kentucky Revised Statute § 413.310, which was in effect at the time of Ross' incarceration, but which had been repealed effective July 13, 1990, tolled the one year statute of limitations. Ross further argued that to not allow him the benefit of this statute would violate the prohibition against ex post facto laws. The district judge denied Ross' motion, and Ross then filed a timely notice of appeal.
 
 
 5
 Upon de novo review, we affirm the district court's dismissal of Ross' complaint. In § 1983 actions, the appropriate statute of limitations is the state's statute of limitations for personal injury actions. See 42 U.S.C. § 1988; Wilson v. Garcia, 471 U.S. 261, 276-80 (1985). Pursuant to Kentucky Revised Statute § 413.140(1)(a), a personal injury action must be commenced within one year after the date of accrual. See Collard v. Kentucky Bd. of Nursing, 896 F.2d 179, 182 (6th Cir.1990). Although state law dictates the limitations period for a cause of action, federal law governs the accrual date of a cause of action. See Dixon v. Anderson, 928 F.2d 212, 215 (6th Cir.1991). In determining an accrual date for a § 1983 action, the focus is on the event which should have alerted the typical layperson to protect his rights. Id.
 
 
 6
 A review of the record satisfies this court that Ross' cause of action accrued no later than March of 1991. As Ross' complaint was not tendered to the district court until April of 1992, it was outside the one year statute of limitations period. Further, the repeal of § 413.310 (which tolled the statute of limitations for those incarcerated) did nothing to punish Ross' past acts, and therefore the repeal does not involve an ex post facto issue. See United States v. Hughes, 964 F.2d 536, 540 (6th Cir.1992), cert. denied, 113 S.Ct. 1254 (1993). Further, we conclude that Ross had no vested right in the tolling provision in § 413.310. See Stone v. Thompson, 460 S.W.2d 809, 810 (Ky.1970).
 
 
 7
 Accordingly, we affirm the district court's dismissal of Ross' complaint. Rule 9(b)(3), Rules of the Sixth Circuit.