Matha WRIGHT, Executrix of Chester H. Wright Estate, and Dorothy Waggoner, Executrix of Robert E. Waggoner Estate, Appellants,

v.

OBERLE–JORDRE CO., INC.; Donna H. Terry, Administrative Law Judge; William Windchy, Acting Director of Special Fund; W. Bruce Cowden, Jr., Administrative Law Judge; Mechanical Insulations, Inc.; and Robert L. Whittaker, Appellees,

and

MECHANICAL INSULATIONS, INC., Cross–Appellant,

v.

Dorothy WAGGONER, Executrix of Robert E. Waggoner Estate; Robert L. Whittaker, Acting Director of Special Fund; W. Bruce Cowden, Administrative Law Judge; and Workers' Compensation Board, Cross–Appellees.

Nos. 95–SC–136–WC, 95–SC–174–WC.

Supreme Court of Kentucky.

Nov. 22, 1995.

Kenneth L. Sales, Debbie D. O'Connell, Segal, Isenberg, Sales, Stewart, Cutler &

Tillman, Louisville, for Wright, etc. and Waggoner, etc.

Thomas L. Ferreri, William A. Miller, Sr., Judson F. Devlin, Ferreri & Fogle, Louisville, for Oberle–Jordre Co., Inc.

Angeline B. Golden, Labor Cabinet, Special Fund, Louisville, for Windchy.

Thomas L. Ferreri, William A. Miller, Sr., Judson F. Devlin, Ferreri & Fogle, Louisville, for Mechanical Insulations, Inc.

Angeline B. Golden, Labor Cabinet, Special Fund, Louisville, for Whittaker.

## OPINION OF THE COURT

Having reviewed the arguments raised by the parties in these consolidated appeals, as well as the opinion of the Court of Appeals, it is our conclusion that the decision of the Court of Appeals should be affirmed. Furthermore, because we have concluded that the opinion satisfactorily addresses the issues before the Court, we adopt it in its entirety and set it forth as follows: "BEFORE: EMBERTON, HUDDLESTON and McDONALD, Judges. "McDONALD, JUDGE. These are the consolidated appeals of Matha Wright, Dorothy Waggoner, Oberle–Jordre Co., Inc., and the Special Fund from two separate opinions of the Workers' Compensation Board. Wright and Waggoner, whose husbands both died from asbestos-related diseases, filed claims to receive benefits from their husbands' respective employers where each was last exposed. Charles Wright, who died in March 1990, was last exposed to asbestos in 1977 while working for Oberle–Jordre Co., Inc. Robert Waggoner filed a claim for disability benefits but died in October 1990 before it was adjudicated. He was last exposed to the carcinogen in 1978 while working for Mechanical Insulations, Inc. The widows' claims were abated pending the Supreme Court's decision in *William A. Pope Company v. Howard,* Ky., 851 S.W.2d 460 (1993). The *Howard* case concerned the constitutionality of the twenty-year limitation period for filing asbestos-related occupational disease claims in KRS 342.316(3)(a), and whether the statutes should be applied retroactively to claims barred by the prior five-year period of repose. This Court gave the statute retroactive application. The Supreme Court reversed finding no legislative intent to give the amendment retroactive effect. *Id.* at 462.

"Relying on the *Howard* case, both claims were dismissed because the version of KRS 342.316(3)(a) in effect at the time of the decedent's last exposure contained a five-year statute of repose. On appeal the two cases were consolidated. The Workers' Compensation Board declined to address the issue raised by the claimants concerning the constitutionality of the five-year statute of repose. Instead it remarked:

Although [their] arguments in this respect are strong, the issue is beyond our authority to decide. The Petitioner[s] question[ ] the constitutionality of a statute enacted by the Legislature. As an administrative agency, this Department has no power to exercise judicial authority over the legislature which created it. *Blue Diamond Coal Co. v. Cornett,* 300 Ky. 647, 189 S.W.2d 963 (1945). We therefore decline to pass judgment on the merits of the principal argument raised herein.

"In addition to the constitutional argument both claimants argued that they were not seeking a continuation of benefits but were proceeding under KRS 342.750 which, they argued, allowed for an independent cause of action for their husbands' deaths not subject to the limitations period. The administrative law judge in Wright's case tersely concluded that the "amorphous right of Matha Wright to file a claim following the death of her husband' did not impact the 'threshold' issue of whether the claim was time barred. The ALJ in Waggoner's case did not refer to the issue. The board agreed with Wright that, since her husband died from a work-related cause, she had an independent cause of action 'unaffected by her husband's failure to toll limitations.' Because Waggoner did not file a petition for reconsideration to require the ALJ to address her 'independent entitlement' argument, it was determined by the board to have been waived. Both widows, Wright's employer and the Special Fund have petitioned this Court for review of the board's decision. Waggoner's employer, Mechanical Insulations, Inc., has filed a cross-

petition in the event she prevails on her petition in this Court.

"In their combined brief, Matha Wright and Dorothy Waggoner insist that the Supreme Court did not resolve the issue of the constitutionality of· the five-year statute of repose in the former version of KRS 342.316(3)(a) in *William A. Pope v. Howard, supra.* They offer the following reasoning for their argument that the statute of repose offends Sections 14, 54 and 241 of the Kentucky Constitution:

> Asbestos diseases commonly do not become manifest for twenty to thirty years after exposure.... As a result, many people will be completely denied this guaranteed right to seek a remedy for an injury in any court if the five year (or even the twenty year) limitation is applied.

■ "This long latency period of asbestos-related diseases no doubt motivated the legislature in 1986 to lengthen the time a worker could file for benefits from five years to twenty years from the last exposure for these diseases. However, appellants' arguments in this regard do not effectively counter the clear expression by our Supreme Court in the *Howard* case that there is no constitutional impediment to the repose provision whether it is five years or twenty years:

> The three-year provision contained in KRS 342.316(3)(a) is a statute of limitation, while the five-year provision is a statute of repose capable of cutting off a cause of action before it arises. *See, Dupree v. Ky. Dept. Mines and Minerals, Et Al.,* Ky., 835 S.W.2d 887 (1992). The three-year statute of limitations applies to all occupational diseases including asbestos-related claims. The twenty-year provision, comparable to the five-year repose provision containing no discovery rule, merely extends the repose provision in cases of radiation disease or asbestos-related disease. *We have not been persuaded that there is any constitutional prohibition against the enactment of repose provisions within the Workers' Compensation Act. See, Dupree,*

*Id.,* and *McCollum v. Sisters of Charity,* Ky., 799 S.W.2d 15 (1990). (Emphasis added).

*Id.* at p. 463. We are, of course, bound by precedents established by our Supreme Court. Further, the appellants' citation to other· types of cases applying the discovery rule to toll a statute of limitations is not helpful as these cases are not applicable to the legislative scheme to compensate injured workers.[1] While the legislature clearly may not abolish a common-law right of action, by a statute of repose or otherwise, it is not constrained in fashioning new rights unknown at common law. *See Saylor v. Hall,* Ky., 497 S.W.2d 218 (1973). Thus while appellant is correct that various statutes of repose have been declared unconstitutional or tempered by application of the discovery rule, these cases, *e.g., McCollum v. Sisters of Charity,* Ky., 799 S.W.2d 15 (1990), and *Louisville Trust Company v. Johns–Manville Products,* Ky., 580 S.W.2d 497 (1979), involve common law causes of actions, not rights purely created by legislative largess.

> Our constitutional inquiry under sections 14, 54, and 241 must be directed at whether the cause of action affected by a statute had become established prior to the adoption of the Kentucky Constitution in 1891.

*McCollum,* 799 S.W.2d at 18–19. It is the denial of one to have 'his or her day in court' that causes statutes of repose to be offensive to our constitution. *Id.* There is no concomitant 'right' to seek workers' compensation benefits. The Court's citation to *McCollum* in *Howard, supra,* is a recognition that the rights of an employee under KRS Chapter 342 *et seq.* are not of the same caliber as those existing at common law on or before 1891.

"Of more difficulty to us is the issue raised by the Special Fund and Oberle–Jordre Co.: Did the board err in failing to apply the time provisions in KRS 342.316(3) to bar the claims of the widows brought pursuant to KRS 342.750? The latter statute provides:

> If the injury causes death, income benefits shall be payable in the amount and to or

---

**1.** We note our Supreme Court recently rejected a claimant's argument that the discovery rule should be applied to toll the statute of limitations in non-*Haycraft* injury claims. *See Coslow v. General Electric Company,* Ky., 877 S.W.2d 611 (1994).

for the benefit of the persons following, subject to the maximum limits specified in subsections (3) and (4) of this section:

(1)(a) If there is a widow or widower and no children of the deceased, to such widow or widower 50 percent of the average weekly wage of the deceased, during widowhood or widowerhood.

. . . .

"The board concluded that the widows' claims were not 'derivative' of their deceased husbands' causes of action and that they had an 'independent cause of action.' Relying on *Bethenergy Mines, Inc. v. Easterling,* Ky. App., 776 S.W.2d 842 (1989), it concluded that a cause under KRS 342.750 does not accrue until the worker's death and is not otherwise affected by any limitations period which would have been applicable to the worker had he filed a claim during his lifetime. The dicta in *Easterling* utilized by the board reads:

Mrs. Easterling also relies on Larson, *Workers' Compensation Law* § 78.62 (1989), for the rule that the failure of the employee to make a claim for disability prior to his death, thereby giving notice to his employer, does not bar the surviving spouse and child from making a claim after this death. We agree with this statement. However, the cases which deal with this rule cover the situation where the cause of death was the occupational injury or disease, and the employee's claim for disability, had he lived, would have been barred by the applicable limitations period. Those cases hold that in that situation the dependents may still file a claim for death benefits as their right is independent from the deceased's.

*Id.* at 845. The board's reliance on *Easterling,* § 78.62 in Larson's *Workman's Compensation Law,* and *American Radiator and Standard Sanitary Corporation v. Gerth,* Ky., 375 S.W.2d 817 (1964), is misplaced as the decedent's claims in the instant case were not merely barred by the three-year statute of limitations contained in KRS 342.316(3)(a) but were extinguished by the five-year period of repose. The repose portion of the statute applicable to these claims reads:

... [T]he right to *compensation for any occupational disease shall be forever barred,* unless a claim is filed with the Workers' Compensation Board within five (5) years from the last injurious exposure to the occupational hazard.... (Emphasis added).

In *American Radiator,* the worker had worked and was exposed to silica dust until the day he died, at work, from a coronary occlusion which resulted from his silicosis. *Id.,* 375 S.W.2d at 817. Obviously, the repose provisions of KRS 342.316(3)(a) were not triggered and thus not at issue.

"Larson discusses purposes of compensation schemes which include 'the protection of dependents as well as of injured employees [and] ... to prevent destitution among dependents of workers who lose their lives in industrial activity.' Because we are required to construe the provisions of KRS Chapter 342 *et seq.* liberally to carry out such purposes, we would affirm the board's decision *if* the issue was simply a matter of competing limitations periods, *i.e.,* three years after the employee is last exposed or after he 'first experiences a distinct manifestation of an occupational disease ... whichever shall last occur' versus two years after his death. However, the decedents' claims were not, as discussed, merely time barred by the statute of limitations but 'forever barred' by the repose provision. The employer and Special Fund have made a convincing argument that the repose provision is significantly and substantively different than a statute of limitations. The difference is discussed in *Coslow v. General Electric Company, supra,* 877 S.W.2d at 612, as follows:

A technical difference in statutes of limitation and repose was noted in *Tabler v. Wallace,* Ky., 704 S.W.2d 179 (1985). A statute of limitations limits the time in which one may bring suit after the cause of action accrues, while a statute of repose potentially bars a plaintiff's suit before the cause of action accrues. *Id.* In *McCollum v. Sisters of Charity,* Ky., 799 S.W.2d 15 (1990), this Court noted that labeling a statutory cap a statute of repose does not dispose of the matter but does establish a potential for a constitutional conflict.

As revealed in *Howard,* there is no constitutional impediment to repose provisions in the workers' compensation scheme. Thus we believe the employer and Special Fund are entitled to rely on rights contained in the repose provision of KRS 342.316(3)(a) freeing them from any liability for compensation after the passage of five years from the employee's exposure.

"Our holding precludes the necessity to address Waggoner's argument that her claim for benefits was not waived by the failure to move for reconsideration of the ALJ's decision. Accordingly, the appeals of Matha Wright and Dorothy Waggoner are affirmed whereas the appeals of Oberle–Jordre and the Special Fund are reversed and the matter is remanded for dismissal of Matha Wright's claim.

"ALL CONCUR."

STEPHENS, C.J., and FUQUA, LAMBERT, LEIBSON, REYNOLDS, STUMBO and WINTERSHEIMER, JJ., concur.