CASE 17—PETITION EQUITY—MAY 1.

## Preston v. City of Louisville.

APPEAL FROM LOUISVILLE CHANCERY COURT.

MUNICIPAL CORPORATIONS—SPECIAL PRIVILEGES.—A statute enacted for the protection of a municipal corporation, if it relates to the exercise of a governmental power, is not unconstitutional, because it does not also apply to natural persons or private corporations, or even to other municipal corporations.

A statute providing that no action for damages, of any character whatever, to either person or property, shall be instituted or maintained against the city of Louisville, "unless such action be commenced within six months after the accrual of the cause of action," is held not to be unconstitutional in an action against the city to recover for injuries to property resulting from a street improvement.

Preston v. City of Louisville.

BROWN, HUMPHREY & DAVIE AND JOHN STITES FOR APPELLANT.

Brief not in record.

T. L. BURNETT FOR APPELLEE.

1. If municipal corporations, in making street improvements, exercise reasonable care and skill in the performance of the work, and do not trespass upon the property of the adjoining owner, they are not answerable to him for *consequential* damages to his premises. (Dillon on Municipal Corporations, section 990, 3d ed.; Callender v. Marsh, 1 Pick. (Mass.), 418.)

2. The charter of the city of Louisville is a public statute of local application, and a provision therein fixing a period of limitation as to actions against the city of Louisville different from that fixed by the general law is not unconstitutional as conferring a special privilege. (O'Bannon v. L., C. & L. R. R. Co., 8 Bush; Mortimer v. L. & N. R. R. Co., 10 Bush; Covington v. Voskotter, 80 Ky., 219; Louisville v Commonwealth, 1 Duv., 297; O'Connor v. Pittsburgh, 18 Pa., 187; Dillon on Municipal Corporations, section 657, 3d ed.; Smith v. Marden, 4 Ky. Law Rep., 554; Cooley's Const. Limit., 4th ed., page 489; Nichols v. City of Minneapolis, volume 2, Eng. and Am. Corporation Cases, page 562; Cerro Gordo Co. v. Wright, 50 Iowa, 439; State v. Stout, 7 Neb., 89; State v. Lancaster Bank, 8 Neb., 218; Kelly v. Madison, 43 Wis., 688; Howell v. City of Buffalo, 15 N. Y., 512; Alden v. Alameda Co., 43 Cal., 270; McGoffin v. Cahoes, 74 N. Y., 387; Smyth v. Bangor, 72 Me., 249; Wagner v. Camden, 73 Me., 485; Pratt v. Sherburn, 53 Vt., 370; Butts v. Stowe, 53 Vt., 600; Bliss v. Whittingham, 54 Vt., 172; Bartlett v. Cabot, 54 Vt., 242; Campbell v. Fairhaven, *Ibid.*, 36; White v. Stowe, *Ibid.*, 510; Donelly v. Fall River, 130 Mass., 115; Noonan v. Lawrence, *Ibid.*, 161; Madden v. Springfield, 131 Mass., 141; Taylor v. Woken, 130 Mass., 474; Plum v. Fon du Lac, 51 Wis., 393; Teagarden v. Caledonia, 50 Wis., 292; Perry v. Putney, 52 Vt., 582; Maddox v. Randolph Co., 65 Ga., 216; Gay v. Cambridge, 128 Mass., 357; Miles v. Lynn, 130 Mass., 398.)

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

The act of the Legislature to amend the charter of the city of Louisville, approved March 29, 1882, provides:

"No action for damages of any character whatever, to either person or property, shall be instituted or maintained against the city, unless such action be

commenced within six months after the accrual of the cause of action."  .    *      *      *      *      *

It is contended that, as the limitation in such actions, when applied to persons or corporations generally, is five years, that this is an attempt to confer a *special* privilege on the city, not in consideration of any public service, and that the provision is, therefore, unconstitutional.

In considering this question, it is important to bear in mind the necessary and proper distinction between persons and private corporations upon the one hand, and public or municipal corporations upon the other. The one is personal, while the other is a political power. As to the former, equal privileges must exist. Any other rule would not only be at war with the spirit and genius of our institutions, but violative of even-handed justice, because the rights of each person must depend upon the law that governs all other persons under like circumstances.

It was therefore held in Smith, Guardian, &c., v. Warden, 80 Ky., 608, that an act extending the time for an officer to distrain for his fee bills beyond that given by the general law was unconstitutional; and in Kentucky Trust Co. v. Lewis, 82 Ky., 579, that an act giving to a private corporation the right to sell, *without the intervention of a court*, land mortgaged or conveyed to it in trust, when the general law did not permit it, was open to the same objection.

These cases relate to *private*, and not *public* statutes, to a *person* or *private* corporation, and not to a

*public* one; and can not, therefore, control the question now presented.

The act under consideration is a public one, but of local application. It applies generally to all persons as to a certain locality. The municipality to which it relates is an arm of the State government. Within its boundary this public corporation governs for the State. Its character is public; it performs public duties; and when it acts, it is in the exercise of sovereignty. Being a governmental agency, it does not stand upon the same footing as to legislation as individuals or private corporations. Necessarily there can be no uniformity of legislation as between it and individuals, save in cases where it lays aside its sovereignty or public character, and acts in matters not governmental; as, for instance, where it holds property merely for the profit of its citizens; thus placing itself as to it upon the footing of a private corporation.

Many illustrations of this difference might be given; but a few will suffice.

A charter provision that no action shall be brought upon a claim against the city unless it be first presented to its council for allowance, has been held valid by the courts in many of the States. Also a statute providing that a claim against a county must be presented to its board of supervisors before suit.

Also one requiring that notice shall be given to the town or city of the nature and location of a defective place in a highway, and of the character of the injury sustained by reason of it, before the person injured can seek redress in the courts.

In some States the statute provides that the State shall be liable to suit only after presentation of the claim to its auditor for adjustment.

It is true that in these cases the party is not deprived of his legal remedy; but they show that the municipality, being a branch of the government, may be protected by legislation, which does not apply to persons or private corporations.

The act *supra* applies to injuries to person or property.

If committed by the city, it is in its governmental character; and as to all such action the Legislature has the power to provide as it sees proper, provided the legislation be public in its character, and general in its application to the locality. If the law relate to the exercise of a governmental power, whether by way of use or abuse, it is not of a private character.

In the case of the City of Covington v. Hoadley, &c., 83 Ky., 444, involving the constitutionality of a six months' limitation statute in favor of the city in actions to recover from it taxes illegally collected, it was said:

"It is the rule in this country, rather than the exception, to provide municipalities with a limitation law different from that provided by the general law. The reason for it is obvious. The municipal officers and agents are changed often; and that which can be easily ascertained to-day by reason of their presence and assistance may be difficult or impossible of ascertainment a year hence."

Here the appellant sues to recover for injuries to his property, resulting from a street improvement.

Preston v. City of Louisville.

The city in making it was acting in a governmental capacity. Its act was that of the State of Kentucky, acting through its agency; and the Legislature has the right to prescribe the terms upon which the city shall be made liable. It may make them different as to different municipalities. The needs and interests of the people within the prescribed territory— the very objects of government—require the existence of this power, which has been exercised from time immemorial. (Nichols v. City of Minneapolis, 2 Eng. & Amer. Corp. Cases, 562.)

The case of Durkee v. Janesville, 28 Wisconsin, 464, involved the constitutionality of a charter provision exempting the town of Janesville from the payment of costs when unsuccessful in suits brought against it to recover property bought by it at tax sales, the general law providing that the successful litigant should recover his costs from his adversary.

It was held to be unconstitutional. It, however, in effect, took the property or means of the successful litigant to pay the debt or costs of the unsuccessful one; and is, therefore, distinguishable from the case now under consideration.

Our conclusion is, that the act in question is valid, and the judgment of the lower court is affirmed.