CASE 99—PETITION ORDINARY—FEBRUARY 9.

# Lawrence v. City of Louisville.

96    595
f135   793

APPEAL FROM LOUISVILLE LAW AND EQUITY COURT.

1. THE RIGHT TO PLEAD A STATUTE OF LIMITATION BECOMES A VESTED RIGHT when the bar is complete, and can not be taken away by a subsequent repealing statute. And this is true, whether the cause of action arises *ex contractu* or *ex delicto*.

2. SPECIAL STATUTE OF LIMITATION.—Under the old Constitution an act of the Legislature prescribing a shorter period of limitation as to actions for damages against a particular city than was prescribed for the same class of actions by the general law was valid; and whether such a special statute applicable to the city of Louisville ceased to exist upon the adoption of .the new Constitution is not now decided, as the bar in this case had become complete when the new Constitution was adopted, and the right of the city to plead the special statute as a bar to this action could not be taken away.

3. RETROSPECTIVE LEGISLATION.—While retrospective legislation may, in some cases, be upheld, the words of a statute ought not to have a retrospective operation unless they are so clear and imperative that no other meaning can be annexed to them, or unless the intention of the Legislature can not be otherwise satisfied.

THOMAS F. HARGIS FOR APPELLANT.

1. All local or special acts regulating the limitation of actions, being inconsistent with the present Constitution, are repealed by it. (Constitution of Kentucky, sec. 59; *Idem,* schedule, subdivision 1; Public School Trustees v. Taylor, 30 N. J. Eq., 618; Sanders v. Commonwealth, 13 Ky. Law Rep., 821.)

Lawrence v. City of Louisville.

This action is governed by the provisions of the present Constitution, which was in force at the time of the trial and judgment. (Const. of Ky., schedule, subdivision 2.)

2. The Constitutional Convention had the power to make the provisions of the Constitution as to the limitation of actions for tort applicable to pending actions or past causes. (Amy v. Smith, 1 Litt, 331; Calder v. Bull, 3 Dallas, 386; Vandiver, &c., v. Hodge, 4 Bush, 539; Lockhart v. Yeiser, 2 Bush, 231; Smith's Commentaries on Constitutional and Statutory Construction, pp. 388, 407; Howard v. Ky., &c. Mutual Ins. Co., 13 B. M., 282; Railroad Company v. Dickerson, 17 B. Mon., 176; Cooley's Const. Limit., 5th ed., top pages 349, 444.)

3. The better opinion is, that a limitation law applicable to a particular city instead of cities of a particular class is unconstitutional. (Cooley's Const. Limit., 5th ed., p. 153, and note 4; Walker v. Potter, 18 Ohio St., 85; Wheeler v. Philadelphia, 77 Pa. St., 338; Kilgore v. McGee, 85 Pa. St., 401; Holden v. James, 11 Mass.; Smith v. Warden, 80 Ky., 608.)

Preston v. City of Louisville, 84 Ky., 118, distinguished.

H. S. BARKER FOR APPELLEE.

The special limitation law relied upon by appellee is not unconstitutional. (City of Covington v. Hoadley, 83 Ky, 444; Preston v. City of Louisville, 84 Ky., 118.)

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

On the 20th day of January, 1891, this action was brought by the appellant, Mary L. G. Lawrence, against the city of Louisville for damages for personal injury alleged to have been caused by the neglect of the city in the erection and use of its bridge at the East terminus of Breckinridge street, and that the bridge was defective and perilous, which could be and was discovered by the city; that on the 2d day of June, 1890, she was run over on the bridge by reason of the defects in the construction and condition of the bridge, and her leg was so mangled and injured that it became necessary to amputate it.

Among other defenses made by the city was, that more than six months had elapsed from the time the

cause of action accrued before the action was insti-
tuted, and pleaded the statute of limitations as a bar
to the action.

The statute relied upon is an amendment to the char-
ter of the city of Louisville, approved March 29, 1882,
and reads as follows:

"No action for damages of any character whatever,
to either person or property, shall be instituted or
maintained against the city, unless such action be
commenced within six months after the accrual of
the cause of action."     *     *

A demurrer was filed to the paragraph of the answer
pleading this statute as a bar to the action. The court
overruled the demurrer, and plaintiff declining to
plead further, the petition was dismissed. To review
this action of the court the cause is before this court.

The demurrer was overruled in January, 1892.

The statute of limitation *supra* was held by this
court to be constitutional in the case of Preston v. The
City of Louisville, 84 Ky., 118. This court held a
similar statute in relation to the city of Covington
to be constitutional. (City of Covington v. Hoadley,
83 Ky., 444.)

It is insisted by counsel for appellant that the
statute *supra*, which barred the action because it
was not brought within six months, was not in force
when the demurrer was overruled by the court, but
that the general limitation law of the State was then
applicable, which did not bar an action for such
injuries for one year after the cause of action ac-
crued. The present Constitution was adopted Septem-
ber 28, 1891. It is contended that by the *schedule*

of the Constitution all laws not inconsistent therewith shall remain in force until altered or repealed by the General Assembly; that all *actions* not inconsistent with it are continued as valid, and all laws inconsistent with the Constitution shall *cease* upon its adoption. And that, as by section 59 of the Constitution, the General Assembly is prohibited from passing any local or special acts "to regulate the limitation of civil or criminal causes," the special statute *supra* ceased, because it is inconsistent with that constitutional provision.

It is claimed as the special statute ceased, the general law then in force became applicable, and as the action was brought within one year from the time the cause accrued, the action was not barred. In other words, that the general law became retroactive, and restored her right to maintain her action, and destroyed the complete defense which the city had to it. *The question as to whether or not the special act is inconsistent with the Constitution, and ceased on its adoption, is not decided,* although the court may consider the question involved apparently from that point of view. To reach the conclusion which the court announces in the case, it is not necessary to determine that the special statute has ceased. It is no longer an open question as to the power of the legislative branch of the government to pass limitation laws, and to alter or change them by extending the time for their enforcement, or to shorten the time by giving a reasonable time for asserting the right. The power to do this before the bar takes place is conceded.

In some cases retrospective legislation may be up-

held. However, words of a statute ought not to have a retrospective operation, unless they are so clear, strong and impressive, that no other meaning can be annexed to them, or unless the intention of the legislature can not be otherwise satisfied. (Mr. Justice Paterson in U. S. v. Heth, 3 Cranch., 399; Harvey v. Tyler, 2 Wall., 347; Sohn v. Waterson, 17 Wall., 596.)

While the *first* subdivision of the schedule of the Constitution continues as valid all *actions* not inconsistent therewith, the same subdivision continues as valid all *rights* not inconsistent therewith. It provides that "all rights, actions, * * and contracts * * not inconsistent therewith, shall continue as valid as if this Constitution had not been adopted."

At the time of the adoption of the Constitution the right to plead the statute of limitations had accrued. It was a complete bar to the action. The language of the Constitution shows an intention to preserve that "right" as fully as the "action."

The *second* subdivision provides that "actions and causes of actions, except as herein provided, shall continue and remain *unaffected* by the adoption of this Constitution." It follows that this action was unaffected by the adoption of the Constitution. The right to recover, or the cause of action, having been extinguished by the lapse of time, the adoption of the Constitution did not revive the right or cause of action. Evidently it was not intended that it should be done.

The law-making branch of the government has no more power to destroy a defense that has accrued than it has to take the citizen's property "without due

process of law." When one is released from a demand by the statute of limitations, his right of defense is as valuable as the right to institute the action. When the defense has accrued, the right to maintain the action is destroyed. When one has occupied land adversely for a given number of years, the statute of limitations destroys the remedy which the owner possessed to recover it. His right was extinguished by the destruction of his remedy. The defense is in the nature of a vested right. In the application of the statute of limitations it is the same, whether the suits arise *ex contractu* or *ex delicto.* (Moore v. State, 43 N. J. Law, 203.)

Though a debt has never been paid, the statute of limitations bars it after a certain lapse of time, and no legislative authority can reimpose the obligation. The obligation can only be reimposed by his will and consent. When one is guilty of a tort, and immunity from suit has arisen by operation of the statute of limitations, the legislature can not deprive him of it any more than it can the debtor who has been exempted from a demand by operation of the statute of limitations.

Naught v. Oneal, 1 Ill., 36, was an action for slander, and the court said: "If the cause of action accrued one year or more before the repeal of the statute of limitations, still the old statute of limitations is a good bar to the action. It is a complete bar before the repeal, and the repeal of a statute does not affect the rights acquired under the repealed statute."

In Moore v. Luce, 29 Pa. St., 262, the court said: "It is a mistake to suppose that the person barred by

Lawrence v. City of Louisville.

the statute loses nothing but his remedy. The law never deliberately takes away all remedy without an intention to destroy the right. Remedies are frequently changed. One is withdrawn and others remain, or one is substituted for an other. But when all remedies are taken away after a specified period of neglect in asserting rights, and when this is done for the purpose of promoting the best interests of society, the right itself is destroyed."

In Von Hoffman v. City of Quincy, 4 Wall., 554, the court said: "A right without a remedy is as if it were not. For every beneficial purpose, it may be said not to exist."

In Sprecker v. Wakely, 11 Wis., 440, the court said: "And although it is generally true that the statute only bars the remedy, and does not destroy the right, yet when the defense has been vested, no subsequent revival of the right to sue, as by repeal of the statute, or other act, without the consent of the party entitled to the defense, could take away or destroy such defense."

Kent, C. J., in Dash v. VanKleeck, 7 Johnson, 477, quotes with approval the declaration as follows: "A law can be repealed by the law-givers, but the rights which have been acquired under it while it was in force do not thereby cease. It would be an act of absolute injustice to abolish with the law all the effects which it produced."

In Kinsman v. City of Cambridge, 121 Mass., 558, it was decided that the statute of 1874, extending the time for filing a petition for damages for land taken to widen a street, did not revive an action already barred by the statute existing before the new act was passed.

Sutherland on Statutory Construction, section 480, holds that there is a vested right in a defense to an action, even in the statute of limitations, when thereby the bar has attached.

Mr. Cooley, in his work on Constitutional Limitations, p. 455, says: "Regarding the circumstances under which a man may be said to have a vested right to a defense against a demand made by another, it is somewhat difficult to lay down a comprehensive rule which the authorities will justify. It is certain that he who has satisfied a demand can not have it revived against him, and he who has become released from a demand by the operation of the statute of limitations is equally protected. In both cases the demand is gone, and to restore it would be to create a new contract for the parties—a thing quite beyond the power of legislation."

In Davis v. Miller, 28 American Decisions, 325, the High Court of Errors and Appeals of Mississippi, decided that a law reviving the right of action barred by the statute of limitations, is void. The Chief Justice, in delivering the opinion of the court, said: "To my mind it is clear that the moment the remedy was gone by the running of the statute, the right was gone also, and a right to set this lapse of time up as a defense vested in the opposite party, and he could not be deprived of the privilege, without his consent, by subsequent legislation. This must be the rule if a defense may form the subject of a right, and that it may seems to me to be clear."

It was decided in Thompson v. Read, 41 Iowa, 48, that the repeal of the statute of limitations can not act retrospectively so as to disturb rights acquired there-

under, and deprive parties of protection to which they were fully entitled under the prior enactment.

The current of decisions in other States treats as a vested right the privilege to plead the statute of limitations when it has run and become a bar to a demand arising either *ex contractu or ex delicto.* We believe the right of defense is just as important as the right to bring an action.

When the right to recover property has been extinguished because of the statute of limitations, we say that the one who thus holds has a vested right. He acquired it not by a moral but a legal remedy. He is then beyond the power of the legislature to divest him of his rights therein, except by his consent or due process of law.

From a wise public policy the legislature has declared that a cause of action is destroyed by certain neglect, and thus secures a party a right to withhold his property from subjection to a demand.

The legislature has no more right in the one than in the other case by retrospective legislation to destroy the right to property, each being held by virtue of the statute of limitations. The right to a defense should be held as inviolate as the right of action. When the remedy is destroyed, the right to maintain the action is extinguished.

From the foregoing views it will be seen that the court is of the opinion that the demurrer was properly sustained, although when the Constitution was adopted, the six months statute of limitation may have ceased, and the one year statute become operative as to the city of Louisville. However, this point is not decided.

Judgment affirmed.