RENDERED: JUNE 24, 2022; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0194-MR

SAMANTHA KILLARY                                                       APPELLANT

v.
APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE A. C. MCKAY CHAUVIN, JUDGE
ACTION NO. 18-CI-002551

LINDA THOMPSON; CITY OF
LOUISVILLE/JEFFERSON COUNTY
METRO GOVERNMENT; RICK
JACKMAN; AND SEAN JACKMAN                                            APPELLEES

OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE: CALDWELL, MAZE, AND McNEILL, JUDGES.

CALDWELL, JUDGE: Samantha Killary appeals the trial court's entry of

dispositive orders in favor of the Appellees, terminating the litigation. Having

reviewed the record, the trial court order, and the briefs of the parties, we reverse

the trial court and remand this matter back to the trial court for proceedings consistent with this Opinion.

## FACTS

Appellant Samantha Killary ("Killary") was adopted by Appellee Sean Jackman ("Sean") when she was a toddler, approximately two (2) years of age. Sean was a police officer with the Louisville Police Department, as was his father, Appellee Rick Jackman ("Rick").[1] Shortly after turning eighteen (18) years of age on February 7, 2009, Killary alleged that Sean had subjected her to sexual abuse throughout her childhood, ceasing only when she reached her majority.

In 2016, Sean was charged with various criminal offenses for sexually abusing his adopted daughter. He entered a guilty plea in 2017 and was sentenced to a total sentence of fifteen (15) years' imprisonment in January of 2018.

On May of 2018, Killary filed a civil complaint seeking damages for the abuse she had suffered. In addition to Sean, the complaint named her adoptive grandfather, Rick, a retired Louisville Police Department detective sergeant. Killary alleged that Rick had knowledge of the abuse she suffered at Sean's hands and failed to take any action to prevent the abuse. In addition, the complaint

---

[1] Before the merger of the City of Louisville and Jefferson County in 2003 to form Louisville/Jefferson County Metro Government, each entity had its own police force. After merger, both agencies became one, namely the Louisville Metro Police Department, but at the time of the adoption, Sean was an officer with the entity then known as the Louisville Police Department.

named Linda Thompson, ("Thompson"), also a former Louisville Police Department officer, who had dated Sean for several years. Killary alleged Thompson had likewise known about and failed to take any action to prevent Sean's abuse of her, as well as alleging that Thompson had actively participated in the abuse. Lastly, Killary named the Louisville/Jefferson County Metro Government ("Metro"), alleging that they were vicariously liable for the actions of their employees (Sean, Rick, and Thompson) as well as claims of negligent hiring and retention and intentional infliction of emotional distress.

Metro filed a motion to dismiss, citing sovereign immunity. Thompson, Rick, and Sean all moved to terminate the litigation, arguing that Killary filed her action only after the applicable statute of limitations had run. The trial court granted all the motions, so ruling based upon the 2007 version of the statute, holding that the 2017 version of the statute did not apply to Killary's case because it was enacted after the acts of abuse had occurred. Killary now appeals the order terminating her litigation to this Court. Having reviewed the record, the briefs of the parties, and the applicable law, we reverse the trial court and remand the matter back to the trial court for further proceedings below in accord with our holding.

**STANDARD OF REVIEW**

The determination of whether a cause of action was filed before the lapse of the applicable statute of limitations is a question of law. Questions of law are reviewed by appellate courts *de novo. Estate of Wittich By & Through Wittich v. Flick*, 519 S.W.3d 774, 776 (Ky. 2017).

Whether an entity is entitled to sovereign immunity is likewise a question of law, to be reviewed *de novo. Louisville Arena Auth., Inc. v. RAM Eng'g & Const., Inc.*, 415 S.W.3d 671, 677 (Ky. App. 2013).

**ANALYSIS**

This case presents two questions for this Court: whether the trial court properly determined that Killary's cause of action was filed beyond the applicable statute of limitations, and whether Metro was entitled to sovereign immunity. Utilizing the version of the statute in place at the time the abuse occurred, the trial court determined the action was filed untimely and that Metro was entitled to sovereign immunity and dismissed Killary's case.

After the trial court entered the order dismissing, and while this appeal was pending, the General Assembly passed another amended version of the statute. This new iteration of the statute states expressly that it is to be applied retroactively to claims which may have expired prior to the enactment of the 2021 version of the statute and also makes retroactive the 2017 version that the trial court refused to

-4-

apply to Killary's case because of the lack of retroactivity language in the statute at that time.[2] Therefore, we must determine if the version of the statute the trial court was applying, effective beginning in 2007, was the proper version to apply to Killary's causes of action, or if the 2017 version was applicable. And further, if the newly-enacted 2021 version of the statute, which provides a new starting point for the running of statutes of limitations to be applied retroactively, applies, and to which defendants.

I.   *Timeliness*

At the time Killary alleged the abuse ended and she attained majority, in 2009, the statute providing a cause of action for the victims of child sexual abuse to seek remuneration provided any action must be filed within five (5) years of the latest of several events:

---

[2] Kentucky Revised Statute ("KRS") 413.249(7):

> (a) As was its intention with the passage of 2017 Ky. Acts ch. 114, sec. 2, the General Assembly hereby states that the amendments enacted in 2017 Ky. Acts ch. 114, sec. 2 shall be applied retroactively to actions accruing before its effective date of June 29, 2017. This section is a remedial statute which is to be given the most liberal interpretation to provide remedies for victims of childhood sexual assault or abuse.
>
> (b) Notwithstanding any provision of law to the contrary, any claim for childhood sexual assault or abuse that was barred as of March 23, 2021, because the applicable statute of limitations had expired is hereby revived, and the action may be brought if commenced within five (5) years of the date on which the applicable statute of limitations expired.

(2) A civil action for recovery of damages for injury or illness suffered as a result of childhood sexual abuse or childhood sexual assault shall be brought before whichever of the following periods last expires:

(a) Within five (5) years of the commission of the act or the last of a series of acts by the same perpetrator;

(b) Within five (5) years of the date the victim knew, or should have known, of the act; or

(c) Within five (5) years after the victim attains the age of eighteen (18) years.

KRS 413.249 (as effective June 26, 2007, to June 24, 2013).[3]

Killary did not file her complaint until May 2, 2018. Under the language of the statute in effect at the time the abuse occurred, the complaint was filed untimely. She turned eighteen (18) years of age in 2009 and per the 2007 statute, she had five (5) years to file her action from that date, so under that version of the statute the time to file expired in 2014. Thus, Killary's complaint was not timely under the 2007 version of the statute.

However, Killary argued to the trial court that a later amendment was applicable to her complaint. In 2017, the General Assembly had amended the statute to expand the limitations period to the events that would begin the running

---

[3] The amendment effective June 25, 2013, until June 28, 2017, did not change the limitations language.

thereof and added another event that would trigger the running of the statute of limitations period:

> (2) A civil action for recovery of damages for injury or illness suffered as a result of childhood sexual abuse or childhood sexual assault shall be brought before whichever of the following periods last expires:
>
>> (a) Within ten (10) years of the commission of the act or the last of a series of acts by the same perpetrator;
>>
>> (b) Within ten (10) years of the date the victim knew, or should have known, of the act;
>>
>> (c) Within ten (10) years after the victim attains the age of eighteen (18) years; or
>>
>> (d) Within ten (10) years of the conviction of a civil defendant for an offense included in the definition of childhood sexual abuse or childhood sexual assault.

KRS 413.249 (as effective June 29, 2017, to March 22, 2021).

Under this amendment, Killary would have had ten (10) years after she reached the age of majority in 2009, or ten (10) years following the conviction of Sean for his crimes against her, whichever was later. Sean entered a guilty plea in October of 2017 and was sentenced in January of 2018.

The trial court determined that the 2017 amendments did not apply to Killary's claim. The trial court determined that only the 1998 version of the

statute, which established the cause of action, provided for retroactive application,[4] and that the 2017 amendment did not so provide. Thus, the court reasoned, the version of the statute which was applicable to her claim was the version in place when she attained her majority; to wit, the 2007 version, which provided only five (5) years in which to file a claim, resulting in her claim having expired in 2014.[5]

As the court noted, at the time of their passage, there was nothing in the 2017 amendments to indicate that they were to be retroactively applied. Further, under KRS 446.080(3), "[n]o statute shall be construed to be retroactive, unless expressly so declared." *See Holcim v. Swinford*, 581 S.W.3d 37, 44 (Ky. 2019).

---

[4] *See* 1998 Kentucky Acts Ch. 577, SB 53 ("Section 2. This Act shall apply to all actions which accrue before or after the date this Act becomes law. The General Assembly finds that retroactive effect is necessary to provide uniform justice to the victims of sexual offenses who were children when the offenses occurred.").

*See also Doe v. Roman Cath. Diocese of Covington*, No. 03-CI-00181, 2006 WL 250694, at *2 n.2 (Ky. Cir. Ct. Jan. 31, 2006) ("This statute was enacted in 1998 and was retroactive. 1998 Ky. Acts, Ch 577, Sec 2.").

[5] KRS 413.249 has been amended several times. In fact, the first iteration was effective in 1998. The version applicable to Killary's claim, according to the trial court's ruling, was the version which was effective at the time she reached her majority in 2009, which was the first time the statute was amended, effective June 26, 2007.

The 2017 amendments changed the limitations period from five (5) years to ten (10) years and added as a triggering event the criminal prosecution of a person charged with a sexual offense against the plaintiff.

The 2021 amendments made several changes to the statute, adding not only retroactivity language, but also establishing that an "entity" could be held liable under the statute and also included some evidentiary provisions. This is discussed, *infra*.

Even so, we find that the trial court erred in not applying the 2017 version of the statute to Killary's claim against Sean. Under KRS 413.249(2)(d) of that version, Killary had ten years from the day that Sean was convicted of the crimes against her to initiate her suit, and he was convicted in 2017 and sentenced in 2018. Retroactivity language, or lack thereof, is a red herring as to this subsection of the statute; at the time Killary filed her action, subsection (2)(d) was in effect and gave her a term of limitations of ten (10) years from Sean's conviction, which was finalized with his sentencing in 2018. The trial court's ruling that Killary's complaint was out of time as to subsections (a), (b), and (c) of the 2007 version of the statute was correct. And the longer provisions of ten years for the triggering events in subsections (a), (b), and (c) in the 2017 statute could not be applied to Sean as he had "vested rights" in the running of the statutes of limitations from those events, at that time. But the creation of a new triggering event in the 2017 version can and shall be applied in this case.[6] Sean had no vested right to the statute of limitations running upon his conviction because that right did not exist until the 2017 amendments to the statute. There can be no "revival" of an action or defense that heretofore did not exist.

Killary filed her claim in 2018, after the effective date of the 2017 version of the statute which established the statute of limitation which we hold

---

[6] *See* discussion of "vested rights" in the running of statutes of limitation, *supra.*

applies to the claim against Sean, to wit, "(d) [w]ithin ten (10) years of the conviction of a civil defendant for an offense included in the definition of childhood sexual abuse or childhood sexual assault." KRS 413.249, as amended in 2017. We, therefore, remand this matter back to the Jefferson Circuit Court for further proceedings as to the case against Sean, having reversed the court's determination that the complaint was untimely.

Turning now to the claims against the other defendants, under the most recent version of the statute, third parties may be liable for damages suffered by a victim due to the abusive acts of another if the third party is found to have had a duty to the victim of the abuse and failed to act reasonably as to that duty. The relevant portion of KRS 413.249 as amended in 2021 states:

> (5) A victim of childhood sexual assault or abuse shall not have a cause of action against a third party, unless the third party failed to act as a reasonable person or entity in complying with their duties to the victim. If a victim of childhood sexual assault or abuse has a cause of action under this section, the cause of action shall be commenced within the time period set forth in subsection (2) of this section.

As argued by the Appellees, and as noted by this Court, the trial court had no opportunity to determine if Thompson, Rick, or Metro would be subject to liability under the new statute, so we remand for that consideration. Insofar that the trial court determined that the former statute of limitations applied to the third-

party defendants, we find that the specific limitations period in the 2021 version of the statute applies and Killary's claims have not expired.

Generally, once a claim expires with the running of the applicable statute of limitation, a later change in the statute cannot revive the expired claim.[7] This is because a defendant has a "vested right" in the expiration of a statute of limitations.

Statutes of limitation serve important purposes. They encourage the filing of actions as close to the injury as practicable, guarding against spoliation of evidence and providing potential defendants with peace of mind as time passes so as not to be surprised by a stale claim.

> It is also consistent with the overarching purpose behind statutes of limitations. "Statutes of limitations 'promote justice by preventing surprises through [plaintiffs'] revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared.'" *CTS Corp. v. Waldburger*, 573 U.S. 1, 8-9, 134 S. Ct. 2175, 189 L. Ed. 2d 62 (2014) (quoting *Railroad Telegraphers v. Railway Express Agency, Inc.*, 321 U.S. 342, 348-349, 64 S. Ct. 582, 88 L. Ed. 788 (1944)).

*Smith v. Fletcher*, 613 S.W.3d 18, 27 (Ky. 2020).

---

[7] "Although an amendment that extends the period of limitation may be applied to a claim in which the period has not already run, it may not be applied to revive a claim that has expired without impairing vested rights." *Johnson v. Gans Furniture Indus., Inc.*, 114 S.W.3d 850, 854-55 (Ky. 2003) (citations omitted).

Statutes of limitation may also act as an affirmative defense to a suit, providing the party forwarding the defense a "vested right" in the running of the statutory period. For example, we hold Sean had such a "vested right" as to the five (5) year statute of limitation in place at the time Killary became an adult under KRS 413.249(2)(c) in the 2007 version of the statute, so that even the 2017 version of the statute under 413.249(2)(c), which provided the longer term of ten (10) years following the majority of the accuser, could not properly be applied as to him. His defense having vested at the expiry of five (5) years under the 2007 version of the statute would not allow for the revival of the claim. The General Assembly cannot revive a claim through legislation once a defendant has a "vested right," as did Sean here as to subsection (2)(c).

> Kentucky case law supports the assertion that the affirmative defense of an expired statute of limitation is a vested right of which a defendant cannot be divested through legislative action. *Lawrence v. City of Louisville*, 96 Ky. 595, 29 S.W. 450, 451 (1895) (holding that, if a right to maintain an action has lapsed, "no legislative authority can reimpose the obligation" upon the defendant). This fits with the rule stated in *Barnes*, *Stone, and Kiser*. Thus, if any Plaintiff's statute of limitations under KRS 413.249 expired before the filing of suit, that right became vested and cannot be divested through the 2017 Amendment of KRS 413.249.

*B.L. v. Schuhmann*, 380 F. Supp. 3d 614, 641 (W.D. Ky. 2019).

The relevant portions of the statute as amended in 2021 are as follows:

(7) (a) As was its intention with the passage of 2017 Ky. Acts ch. 114, sec. 2, the General Assembly hereby states that the amendments enacted in 2017 Ky. Acts ch. 114, sec. 2 shall be applied retroactively to actions accruing before its effective date of June 29, 2017. This section is a remedial statute which is to be given the most liberal interpretation to provide remedies for victims of childhood sexual assault or abuse.

(b) Notwithstanding any provision of law to the contrary, any claim for childhood sexual assault or abuse that was barred as of March 23, 2021, because the applicable statute of limitations had expired is hereby revived, and the action may be brought if commenced within five (5) years of the date on which the applicable statute of limitations expired.

KRS 413.249 (as amended in 2021).

The rules of statutory interpretation compel us to interpret statutes consistent with the clear intent of the legislation. And clearly, the General Assembly wanted to ensure all child victims of sexual abuse were entitled to seek compensation from those responsible for the lasting harm caused by such actions, not just the perpetrators. "In other words, we assume that the '[Legislature] meant exactly what it said, and said exactly what it meant.' Only 'when [it] would produce an injustice or ridiculous result' should we ignore the plain meaning of a statute." *Revenue Cabinet v. O'Daniel*, 153 S.W.3d 815, 819 (Ky. 2005) (citations omitted).

Further, statutes which are remedial, that is, which are seeking to correct a past injustice or promote an important public policy, should be interpreted

-13-

in a manner consistent with remediating the wrong they are designed to correct.

Therefore, retroactive application of remedial statutes is proper. The 2021 version

of the statute is expressly made remedial in its language.[8]

> However, the general rule is that "where the amendment
> represents a procedural or remedial change only . . .
> 'legislation has been applied to causes of action which
> arose before its effective date[.]'" *Schmidt v. S. Cent.
> Bell*, 340 S.W.3d 591, 595 (Ky. App. 2011) (quoting
> *Spurlin v. Adkins*, 940 S.W.2d 900, 901 (Ky. 1997)).
> Legislation is remedial if it seeks to reform or extend
> existing rights aimed at the "promotion of justice and the
> advancement of the public welfare and of important and
> beneficial public objects." *Kentucky Ins. Guar. Ass'n v.
> Jeffers ex rel. Jeffers*, 13 S.W.3d 606, 610 (Ky. 2000)
> (quoting 73 Am.Jur.2d *Statutes* § 11 (1974)). In fact, the
> term remedial applies to statutes which give a party a
> remedy where he previously had none. *Id*.

*Virgil v. Commonwealth*, 403 S.W.3d 577, 580 (Ky. App. 2013).

When interpreting a statute, a court should "give effect to the intent of

the General Assembly." *Beckham v. Bd. of Educ.*, 873 S.W.2d 575, 577 (Ky.

1994).

> [W]e must look first to the plain language of a statute
> and, if the language is clear, our inquiry ends. We hold
> fast to the rule of construction that the plain meaning of
> the statutory language is presumed to be what the
> legislature intended, and if the meaning is plain, then the
> court cannot base its interpretation on any other method
> or source. In other words, we assume that the Legislature

---

[8] "This section is a remedial statute which is to be given the most liberal interpretation to provide remedies for victims of childhood sexual assault or abuse." KRS 413.249(7)(a).

-14-

> meant exactly what it said, and said exactly what it meant.

*Merritt v. Cath. Health Initiatives, Inc*., 612 S.W.3d 822, 829 (Ky. 2020) (internal quotation marks and citations omitted) (citing *University of Louisville v. Rothstein*, 532 S.W.3d 644, 648 (Ky. 2017)).

Further, we must interpret statutes in such a way that all parts and subsections of a statute are given effect.

> "One of the most basic interpretative canons" of statutory interpretation is that "[a] statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant[.]" *Corley v. United States*, 556 U.S. 303, 314, 129 S. Ct. 1558, 173 L. Ed. 2d 443 (2009) (quoting *Hibbs v. Winn*, 542 U.S. 88, 101, 124 S. Ct. 2276, 159 L. Ed. 2d 172 (2004) (internal citation omitted)).

*Travelers Indem. Co. v. Armstrong*, 565 S.W.3d 550, 563 (Ky. 2018).

We hold that as to Thompson, Rick, and Metro, the 2021 amendments must be applied in this instance so as to ensure the intent of the General Assembly is given due respect. Further, there is a finite class of litigants that fall into the gap between the enactment of the 2017 version of the statute, which was not expressly retroactive, and the clear intent of the General Assembly through the 2021 amendment to make the 2017 version apply retroactively. In such situations, cases which are still pending, as is this one now before an appellate court, shall get the benefit of temporary retroactivity.

Here, the language in the Act regarding retroactivity is temporary. It applies to those cases which "have not been fully and finally adjudicated, or are in the appellate process, or for which time to file an appeal as not lapsed, as of the effective date of this Act." For any new injuries and claims, the retroactivity of the Act will not be an issue. Therefore, the language is only relevant to a particular time frame and once cases arising during that time frame are fully adjudicated, it will be unnecessary.

*Holcim*, 581 S.W.3d at 44 (Ky. 2019).

It was not until the 2021 amendments that the statute provided a basis for litigation against third parties who owed a duty to the victim and failed to act reasonably, here Thompson,[9] Rick, and Metro. The question then is whether they had a "vested right" in the expiry of any relevant statute of limitation.

By the time the 2021 amendments were enacted, the third-party defendants had "vested rights" in the running of the only applicable statute of limitation in place at the time of the filing, to wit, the statute pertaining to general personal injury liability, for which there is a one-year limitations period pursuant to KRS 413.140(1)(a).[10] However, a more specific statute shall apply over a general statute and the 2021 version of the statute expressly provided a cause of action

---

[9] Although Killary alleges that Thompson was an active participant in the abuse she suffered, she is also named as a third party, and it is in that role that we discuss the case against her here. We discuss the suit as against Louisville Metro, *infra.*

[10] "(1) The following actions shall be commenced within one (1) year after the cause of action accrued: (a) An action for an injury to the person of the plaintiff, or of her husband, his wife, child, ward, apprentice, or servant[.]" KRS 413.140 (1)(a).

against third parties who "failed to act as a reasonable person or entity in complying with their duties to the victim." KRS 413.249(5).[11]

The statute of limitation provided for filing of such a claim is the same as applies to the perpetrator under section (2) of the statute.[12] Thus, if any or

---

[11] "Our rules of statutory construction are that a special statute preempts a general statute, that a later statute is given effect over an earlier statute, and that because statutes of limitation are in derogation of a presumptively valid claim, a longer period of limitations should prevail where two statutes are arguably applicable." *Troxell v. Trammell*, 730 S.W.2d 525, 528 (Ky. 1987). *See also Bevin v. Beshear*, 526 S.W.3d 89, 91, n.6 (Ky. 2017):

> ". . . Kentucky follows the rule of statutory construction that the more specific statute controls over the more general statute." *Light v. City of Louisville*, 248 S.W.3d 559, 563 (Ky. 2008); *see Withers v. University of Kentucky*, 939 S.W.2d 340 (Ky. 1997); *City of Bowling Green v. Board of Education of Bowling Green Independent School District*, 443 S.W.2d 243 (Ky. 1969). This Court reaffirmed that principle in 2013 with *Abel v. Austin* when we stated, "where there is both a specific statute and a general statute seemingly applicable to the same subject [the rule] is that the specific statute controls." *Abel v. Austin*, 411 S.W.3d 728, 738 (Ky. 2013) (citing *Parts Depot, Inc. v. Beiswenger*, 170 S.W.3d 354, 361 (Ky. 2005)) (quoting *Meyers v. Chapman Printing Co., Inc.*, 840 S.W.2d 814, 819 (Ky. 1992)). Further, "where an apparent conflict in statutes exists, the later statute is given effect over an earlier statute." *Bowling v. Kentucky Dep't of Corr.*, 301 S.W.3d 478, 491 (Ky. 2009) (quoting *Troxell v. Trammell*, 730 S.W.2d 525, 528 (Ky. 1987)).

[12] (2) A civil action for recovery of damages for injury or illness suffered as a result of childhood sexual assault or abuse shall be brought before whichever of the following periods last expires:

(a) Within ten (10) years of the commission of the act or the last of a series of acts by the same perpetrator;

(b) Within ten (10) years of the date the victim knew, or should have known, of the act;

(c) Within ten (10) years after the victim attains the age of eighteen (18) years; or

-17-

all of the third-party defendants are found to have had a duty to Killary and failed to act reasonably in complying with that duty, the statute of limitations for such claim shall be ten (10) years from Sean's conviction, which appears to be the last of the enumerated events to expire under the 2021 statute. Thus, we remand to the trial court to determine whether any such duty existed for either Thompson, Rick, or Metro, and, if so, whether any of them failed to act reasonably as to such duty.

II.    *Sovereign Immunity*

Metro argued to the trial court, and continues to argue on appeal, that sovereign immunity bars Killary's suit from proceeding against it. The trial court agreed and dismissed the case against it on those grounds. "Louisville Metro is entitled to sovereign immunity as a matter of statute." *Bryant v. Louisville Metro Hous. Auth.*, 568 S.W.3d 839, 844 n.3 (Ky. 2019) (citing KRS 67C.101(2)(e)) ("A consolidated local government shall be accorded the same sovereign immunity granted counties, their agencies, officers, and employees.").[13]

---

(d) Within ten (10) years of the conviction of a civil defendant for an offense included in the definition of childhood sexual assault or abuse.

KRS 413.249(2).

[13] *See Lexington-Fayette Urban Cty. Gov't v. Smolcic*, 142 S.W.3d 128, 132 (Ky. 2004) ("urban county governments constitute a new classification of county government . . . entitled to sovereign immunity").

Killary argues that the 2021 amendments to KRS 413.249 act to abrogate sovereign immunity by adding "entity" to the possible defendants to be named in a complaint arising from the cause of action established in the statute.

> (b) "Entity" means a firm, partnership, company, corporation, trustee, association, or any private or public entity, including the Commonwealth, a city, county, urban-county, consolidated local government, unified local government, or charter county government, or any of their agencies, departments, or any KRS 58.180 nonprofit nonstock corporation[.]

KRS 413.249(1)(b).

Having determined that the 2021 amendments provide for Killary's case to proceed against the third-party defendants, we will remand the question of whether the addition of "entity" to the statute with the 2021 amendments shall provide for the suit against Metro to proceed to trial. The trial court shall determine whether the General Assembly waived sovereign immunity with the enactment of the 2021 amendment with regard to Metro. If it is determined that Metro is not entitled to sovereign immunity, the trial court shall then determine if Killary can provide sufficient proof to prove liability under KRS 413.249(3)(b).

## CONCLUSION

We hold that the trial court erred in not applying the 2017 amendment creating a new event, Sean's criminal convictions as to the acts of sexual abuse perpetrated on Killary, for the running of the statute of limitation as to Killary's

-19-

case against Sean. Further, having determined that we must remand this matter back to the trial court for the above-mentioned error, we order the circuit court, on remand, to analyze the claims against Thompson and Rick, as well as Metro, given the 2021 amendment to KRS 413.249 and its creation of new causes of action against third parties and "entities."

MCNEILL, JUDGE, CONCURS.

MAZE, JUDGE, DISSENTS AND FILES SEPARATE OPINION.

MAZE, JUDGE, DISSENTING: It is with great regret that I must respectfully dissent from the majority as to the retroactive application of KRS 413.249.

On July 15, 1998, KRS 413.249 was enacted. At that time, it placed a five-year limitations period on civil actions for childhood sexual abuse triggered by 1) the victim's eighteenth birthday; 2) the last act of abuse; or 3) the date on which he/she knew or should have known that he/she had been abused, whichever event was latest in time. Although there were amendments in 2007 and 2013, the limitations period was not altered until 2017.

Appellant turned eighteen in 2009. Based on her complaint, it appears that was the last year she experienced childhood sexual abuse at the hands of Appellee, Sean Jackman. As noted above, the applicable statute of limitations at that time was five years from the date of the statutory triggering event. Thus, she must have filed her complaint by 2014.

Similarly, her complaint alleges that she was subjected to childhood sexual abuse by Appellee Linda Thompson, at some time during Thompson's relationship with Sean Jackman, from 2001-2003. Therefore, Appellant would have had to file her claim as to childhood sexual abuse by Thompson no later than 2008.

However, no complaint was filed until May 2, 2018, several years after the applicable statute of limitations for the claims against these two Appellees had run.

It is well-established that a statute of limitation cannot be retroactively extended after it has run. In *Lawrence v. City of Louisville*, 96 Ky. 595, 29 S.W. 450 (1895), the Court considered whether the six-month statute of limitations for negligence actions against the city could be employed to bar such an action where a one-year limitations period was in effect at the time the demurrer was overruled by the trial court. The former Court of Appeals, then the highest Court in the state, held that:

> We believe the right of defense is just as important as the right to bring an action. When the right to recover property has been extinguished because of the statute of limitation, we say that the one who thus holds has a vested right. He acquired it, not by a moral, but a legal, remedy. He is, then, beyond the power of the legislature to divest him of his rights therein, except by his consent or due process of law.

*Id*. at 603, 29 S.W at 452.

-21-

Similarly, in *Stone v. Thompson*, 460 S.W.2d 809, 810 (Ky. 1970), the Court reiterated that *Lawrence*, *supra*, remained the applicable law, holding firmly, "There is no vested right in the running of the statute of limitations *unless it has completely run and barred the action*, so that as to existing causes of action which are not barred, the statute may be amended, suspended or repealed." (Emphasis added.)

More recently, in 1993, the Kentucky Supreme Court addressed a legislative change in the statute of limitations applicable to asbestos claims. *William A. Pope Co. v. Howard*, 851 S.W.2d 460, 462 (Ky. 1993). The Court relied upon the case of *Kiser v. Bartley Mining Company*, 397 S.W.2d 56 (Ky. 1965), noting that "*Kiser* endorses retroactivity for those claims which have accrued before the date of amendment but are not already time-barred. **In other words, when the 'old' limitation has not already run out, a claimant with a right of action will have the benefit of the 'new' limitation**." *William A. Pope Co.*, 851 S.W.2d at 462 (emphasis added). As recognized once again in *Officeware v. Jackson*, 247 S.W.3d 887, 890 (Ky. 2008), retroactivity may only impact a statute of limitations which has not yet vested.

The 2017 amendments to KRS 413.249 (effective June 29, 2017) expanded the statute of limitations to ten years from the date of the triggering event. The General Assembly included an additional triggering event, the

conviction of the perpetrator. If this limitation period applies, the claims against Appellee Thompson for acts of abuse would still have been untimely. However, the limitations period for Appellant's claim as to Appellee Sean Jackman would have been extended to ten years from the date of his conviction.

However, the 2017 amendments were silent as to the issue of retroactivity and therefore it must be presumed that the General Assembly intended their application to be prospective only. Indeed, in *B.L. v. Schuhmann*, 380 F. Supp. 3d 614, 641 (W.D. Ky. 2019), the federal court concluded that ". . . if any Plaintiff's statute of limitations under KRS 413.249 expired before the filing of suit, that right became vested and cannot be divested through the 2017 Amendment of KRS 413.249."

Most recently, in *Doe v. Logan*, 602 S.W.3d 177 (Ky. App. 2020), a suit by abused students against school employees who failed to report abuse, one of the victims argued that "KRS 413.249 allows an action relating to childhood sexual abuse or childhood sexual assault to be brought within ten (10) years after the victim attains the age of eighteen (18) years." *Id*. at 188. This Court rejected that argument, instead finding that "[t]he extended ten-year limitations period under KRS 413.249 does not apply to claims against non-perpetrator third parties. *B.L. v. Schuhmann*, 380 F. Supp. 3d 614 (W.D. Ky. 2019)." *Id*. Thus, it is also

clear that the statute of limitations for claims against the remaining Appellees cannot be extended to ten years.

It was not until the enactment of the 2021 amendments that the issue of the retroactivity of the 2017 amendment was addressed. The 2021 version of KRS 413.249 adds subsections 7(a) and (b) which provide that:

> (7) (a) As was its intention with the passage of 2017 Ky. Acts ch. 114, sec. 2, the General Assembly hereby states that the amendments enacted in 2017 Ky. Acts ch. 114, sec. 2 shall be applied retroactively to actions accruing before its effective date of June 29, 2017. This section is a remedial statute which is to be given the most liberal interpretation to provide remedies for victims of childhood sexual assault or abuse.
>
> (b) Notwithstanding any provision of law to the contrary, any claim for childhood sexual assault or abuse that was barred as of March 23, 2021, because the applicable statute of limitations had expired is hereby revived, and the action may be brought if commenced within five (5) years of the date on which the applicable statute of limitations expired.

While this is a tactic to revisit an issue that should have been raised in 2017, it cannot operate to reverse by legislative fiat what has long been the law of this Commonwealth. Indeed, the Legislative Research Commission Note dated March 23, 2021, specifically states that the 2021 amendments apply only to "causes of action accruing on or after [March 23, 2021], and to causes of action accruing before [March 23, 2021], **if the applicable statute of limitations, as it existed prior to [March 23, 2021], has not yet run before [March 23, 2021]**."

(Emphasis added.) Thus, as to the claims against Appellees Sean Jackman and Linda Thompson, I simply cannot find that Appellant's complaint was timely filed. Therefore, the trial court did not err in dismissing her claims.

However, not only does the 2021 amendment extend the statute of limitations applicable to the perpetrator to ten years, but it also created expanded liability for any "entity" that "owed a duty of care to the plaintiff." KRS 413.249(3)(a) and (b). This encompasses the claims against Appellee Rick Jackman and Appellee City of Louisville/Jefferson County Metro Government, as well as the claim against Appellee Linda Thompson as an agent of Louisville/Jefferson County Metro Government rather than in her capacity as a perpetrator of abuse.

In *Peach v. 21 Brands Distillery*, 580 S.W.2d 235 (Ky. App. 1979), this Court distinguished between cases involving the imposition of a new duty and those addressed to "a mere passive extension of time." *Id*. at 237. Peach suffered a myocardial infarction on his employer's premises in 1973. He did not file his worker's compensation claim until 1976. However, in 1974 an amended version of KRS 342.186 went into effect which imposed an additional duty of notification on the employer. Peach argued that his employer's failure to comply with that requirement prevented the statute of limitation from running on his claim. On appeal, the Court noted, "Whether a statute is to operate retrospectively, or

prospectively only, may depend on legislative intent, but courts apply a strict rule of construction against retrospective operation and presume that legislatures intended a prospective application, **especially when new rights and duties are created**." *Id*. The Court then concluded that, since the notice requirement was not in effect at the time of injury, the employer was not required to comply.

I would conclude by noting that to apply either the 2017 or the 2021 amendments to Appellee City of Louisville/Jefferson County Metro Government would be particularly egregious as it would penalize the City for failing to learn of the conduct in question and to put an end to it, at a time when it had no duty to do so. The language defining "entity" to include a "consolidated local government" was not contained in the 2017 amendment which the General Assembly attempted to render retroactive. It has long been held that consolidated local governments are entitled to claim sovereign immunity. *Fields v. Lexington-Fayette Urban County Government*, 91 S.W. 3d 110 (Ky. App. 2001). Thus, Appellant has once again attempted to deprive a party of a vested defense. Retroactivity can clearly not be utilized for this purpose. *See Lawrence*, *supra*.

Although I am most sympathetic to the General Assembly's clearly expressed intention to expand the remedies available to victims of childhood sexual abuse as well as the majority's desire to extend the applicable statute of limitation in order to enable Appellant to obtain some measure of relief in this

case, the fact remains that there is clearly established case law precluding such an interpretation. I must therefore conclude that, although the result in this case is indeed harsh, the General Assembly was not authorized to revive causes of action where the applicable limitation period lapsed prior to enactment of the statutory amendment. Similarly, any application of this amendment to alleviate the severity of the result herein exceeds the authority of this Court on appeal, since the matter was never before the trial court.

BRIEFS FOR APPELLANT:

Tad Thomas
Lindsay Cordes
Lindsy Lopez
Louisville, Kentucky

BRIEF FOR APPELLEE
LOUISVILLE/JEFFERSON
COUNTY METRO GOVERNMENT:

Michael J. O'Connell
Jefferson County Attorney

Kristie B. Walker
Assistant Jefferson County Attorney
Louisville Kentucky

BRIEF FOR APPELLEE RICK
JACKMAN:

Kent Wicker
William H. Brammell, Jr.
Kayla M. Campbell
Erin M. Shaughnessy
Louisville, Kentucky

BRIEF FOR APPELLEE LINDA
THOMPSON:

Carol S. Petitt
Adam E. Fuller
Pewee Valley, Kentucky